Paul F. Victor and Le Roy Burton, Trading as Burton & Victor, Appellees, v. Matthew J. Warner and J. F. Moore, Trading as Warner & Moore, Appellants.

Gen. No. 32,219.

Opinion filed February 23, 1928.   Rehearing denied March 12, 1928.

DEFREES, BUCKINGHAM & EATON, for appellants; JOHN O'C. FITZGERALD, of counsel.

No appearance for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an undefended appeal of an action of the fourth class in the municipal court, in which there are no pleadings. The action is on a promissory note secured by chattel mortgage, and also a warrant of attorney and power to confess judgment for the amount due thereon.

The note is dated March 22, 1926, and was given for the sum of $162. It was payable in monthly instalments of $27 each in one, two, three, four, five and six months after its date. The note is as follows:

"$162.00          Chicago,  Illinois   March 22, 1926
                      City          State          Date
"For Value Received, I (We) Richard Seymour jointly and severally promise to pay to the order of Warner & Moore at the time or times in the Schedule of Payments hereon
One Hundred Sixty Two and No/100 Dollars ($162.00) at Burton & Victor, 1505 Westminster Bldg.,
                      Chicago
with interest after date on each installment at the rate of 7 per cent per annum until maturity and after maturity at the highest rate allowed by law together with exchange and collection charges at current rate."

This note was indorsed upon the back as follows:
"For Value received pay to the order of
                Burton & Victor,
                      Signed WARNER & MOORE
                          By:   J. F. MOORE."

At the time of the commencement of the suit there was claimed to be due upon the note the sum of $81.33. By agreement the cause was tried before the trial judge, who found the issues for the plaintiffs, and assessed the damages at $96.46, upon which finding, after overruling motions for a new trial and in arrest of judgment, a judgment was entered, and defendants bring the record here for our review by appeal.

Defendants argue for reversal that the note in suit is not negotiable under the Negotiable Instruments Act, Cahill's St. ch. 98; that plaintiffs were not the owners of the note; that under section 27 of the Mortgage Act, Cahill's St. ch. 95, ¶ 27, a note secured by a chattel mortgage, as in the instant case, is non-negotiable, and that in the event this court should hold that plaintiffs have a right to recover, then and in that event they are not entitled to more than 5 per cent interest on the unpaid principal of the note.

In arriving at our conclusions upon the facts, notwithstanding there may be erroneous rulings upon the admission of evidence, we must assume that the court's judgment (the trial being by the court without a jury) is grounded upon evidence only that was legally admissible, and that the trial judge disregarded all evidence which was not legally admissible.

The controversy here involved is upon the note hereinabove set out verbatim. That forms the contract of the parties by which their respective rights must be adjudicated in this suit.

It is axiomatic that contracts resting in writing cannot be altered or changed by parol evidence. The rulings of the trial judge founded upon this principle of law were right and not erroneous as stressed by defendants. The negotiability of the note, *supra,* was not impaired because its payment was secured by a chattel mortgage upon an automobile for which the note was given in part payment. In support of this proposition defendants contend that because the note is secured by a chattel mortgage it is not payable un-

conditionally. This contention finds no support in any of the terms of the note. It is payable for a sum certain and without condition. The chattel mortgage is collateral security only. If we were to concede the correctness of this contention, then every note secured by collateral would be non-negotiable, and bankers who hold such notes could not pass title by indorsement and delivery. This would make a new and novel condition in banking circles, and destroy what has heretofore been regarded as the law governing notes secured by collateral. In support of defendants' contention that the note in suit is not negotiable, they cite section 21 of the Negotiable Instruments Act, Cahill's St. ch. 98, ¶ 21, which in part reads:

"An instrument payable in money, to be negotiated, must * * * contain an unconditional promise or order to pay a sum certain in money."

Let us analyse the words of the act as applicable to the note in suit. It contains an unconditional promise to pay a certain sum of money at a certain time without restriction. The fact that the note is payable in equal monthly payments specified upon the note, in no manner affected the certainty as to time of payment, nor did that provision have the effect to destroy its negotiability under the Negotiable Instruments Act, *supra*. The note in every essential particular fulfils the requirements of the act *supra* to make it negotiable. None of the cases cited in support of defendants' contention are applicable because they one and all involve non-negotiable instruments. The note being negotiable by its terms, its introduction in evidence by plaintiffs made out a prima facie case entitling them to recover the amount due by its terms in the absence of countervailing proof.

Defendants further contend that there was error in computing the interest due on the note at 7 per cent and not at 5 per cent, the statutory rate in the absence of a contract for a higher rate.

The note is the contract before us for adjudication as to the rights of the parties to it, and an examination of the note discloses that the rate of interest agreed upon is 7 per cent until maturity, and thereafter at the highest rate of interest allowed by law. We will take judicial notice of the fact that the highest rate of interest allowed by the Illinois Statutes is 7 per cent per annum.

While it is true there is an indorsement on the note by plaintiffs making the note payable to "Union Trust Co. as trustee," yet, as plaintiffs had possession of the note without dispute, that possession vested the title thereto in them and they could at any time have crossed off the latter indorsement.

We find no reason either on fact or principle justifying us in interfering with the judgment of the municipal court, and it is therefore affirmed.

*Affirmed.*

TAYLOR, P. J., and WILSON, J., concur.