May McConnaughy, Appellant, v. Frank J. Gage, Appellee.

Gen. No. 32,830.

Opinion filed February 27, 1929. Rehearing denied March 19, 1929.

A. J. W. APPELL and VAN C. WINANS, for appellant.

HUTSON & TRAEGER, for appellee; JOHN DONALD BOLGER, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is a suit brought to enforce the payment of the following document:

"Chicago, Ills. 12/15 1916.

"Received of Mrs. V. M. McConnaughy Four Thousand and Seven and no/100..................Dollars

```
( Certificate for $3033.60 )
(      "        " $ 973.40 )
(                          )  to be repaid to her and
(              ————        )
(            $4007.00      )
```

to bear 6% interest until paid in full.

$4007.00                              Frank J. Gage"

and the complaint declares upon that document as constituting plaintiff's cause of action.

In defendant's affidavit of merits he denies that he borrowed the $4,007 as alleged in plaintiff's statement of claim, and *in toto* every other averment of such statement, and then sets up as an affirmative defense that the plaintiff furnished defendant with certain moneys for the express purpose of paying interest, taxes and other charges upon real estate in which plaintiff was a part owner; that he disbursed the same in accord with her directions, etc.; and denies that he is liable to account to plaintiff for said sum or any part thereof mentioned in the complaint.

Upon the cause being called for trial defendant procured, against the protest of plaintiff, leave to file an amendment to his affidavit of merits, in which he pleads the five-year statute of limitations, and avers that the cause of action in said complaint is barred by the five-year statute of limitations. A jury was impaneled and the case proceeded to trial, and the plaintiff to sustain her claim introduced in evidence the document above recited, and also called the defendant to the witness stand under section 33 of the Municipal Court Act, Cahill's St. ch. 37, ¶ 421, who testified, as abstracted: "My name is Frank J. Gage. I am in the real estate business, and I am the defendant in this case. The paper which is shown me is Plaintiff's Exhibit 1 and my name appears thereon and everything on there is my handwriting. Q. You signed it? A. Yes, sir."

Thereupon the document was marked plaintiff's Exhibit 1, and at the suggestion of counsel for the defendant the document was read to the jury. Thereupon plaintiff rested her case. Defendant proffered no evidence.

The foregoing is all the evidence proffered or received on the hearing. Plaintiff thereupon moved for an instructed verdict in her favor, and tendered the motion in writing accompanied by a suitable instruction, with an appropriate form of verdict, all of which

on the objection of defendant the court refused and denied plaintiff's motion to instruct a verdict in her favor. After the court's ruling the defendant made a motion to instruct the jury to return a verdict in his favor, which the court allowed and instructed the jury to return a verdict in favor of the defendant, which the jury did, whereupon plaintiff made motions for a new trial and in arrest of judgment, both of which being overruled the plaintiff preserved an exception to the action of the court in so doing. Thereupon the court entered judgment upon the verdict in favor of the defendant, to which plaintiff excepted, and plaintiff brings the record to this court for our review on appeal.

The bone of contention for our solution rests in the construction to be given to the document hereinbefore recited, which evidences the rights of the parties.

In the municipal court the parties, plaintiff and defendant, rested the case upon the document offered by plaintiff, and the evidence of the defendant. The rights of the parties are to be determined in this appeal on such proofs and none other.

Plaintiff contends that the document sued upon and in evidence is a note and defendant, on the contrary, contends that it is merely a receipt. The document fulfils all the requirements of the Negotiable Instruments Act to make it a note. It contains an unconditional promise to pay and to pay a sum certain in money, and while it does not contain the other requirement, a fixed or determinate future time of payment, it does in law constitute an engagement to pay the note on demand. In *Knecht v. Boshold,* 138 Ill. App. 430, it was held that this proposition stated a correct principle of law: "The court holds as a proposition of law that a note payable 'after an indefinite time' is in contemplation of law a note payable on demand." In *White v. Smith,* 77 Ill. 351, it was held that a note in which it is stipulated that the amount thereof was to be paid in such

instalments as the directors of the payee might from time to time require, was a note payable on demand.

The note in question was not governed by the five-year statute of limitations, but being in writing was and is governed by the ten-year statute of limitations. Consequently the suit was commenced in apt time.

It is a familiar principle of law that a contract drawn by a party, who is charged with its execution, shall be construed in favor of the party in whose favor it is drawn and who is seeking to enforce it.

Defendant admits that the whole of the note is in his handwriting, and the law presumes that he knew that in the form in which he drew it, it was payable upon demand. It is not necessary for plaintiff to make a demand on defendant for payment. The commencement of the suit was in law a sufficient demand for payment. If defendant had sought to avail himself of the defenses set out in his affidavit of merits and the amendment thereto, he should have proceeded to make such defenses upon the trial, and having moved for an instructed verdict without so doing, in contemplation of law he waived all other defenses.

The introduction of the note in evidence, and the testimony of defendant unequivocally supporting the same, made a sufficient prima facie case entitling plaintiff to recover the amount due upon the note with interest as in said note specified. *Libby, McNeil & Libby v. Cook,* 222 Ill. 206; *Visible M. G. D. Co. of America v. Suprunowski,* 226 Ill. App. 107, in which the court held that:

"When appellant offered the notes in evidence it established a prima facie case, and in the absence of evidence to support the special pleas was entitled to a verdict. . . . The action of the court in directing a verdict in favor of appellee was contrary to the law and the evidence."

In *Victor v. Warner,* 248 Ill. App. 35, it was held that the introduction of the note in evidence made out a

prima facie case entitling the plaintiff to recover the amount due by its terms in the absence of countervailing proof.

Defendant argues that the insertion in parenthesis of the words and figures:

```
"( Certificate for $3033.60 )
(      "         " $ 973.40 )
(                  ————— )
(                  $4007.00 )"
```

rendered the meaning of the note incomplete or ambiguous, and that oral evidence was admissible to explain the same. We think, however, that the parenthetical matter did not render the amount of the note ambiguous, for it stated the total of the two certificates as $4,007, the amount of the note. Furthermore, the court could not have committed error in this regard because defendant made no offer of proof one way or the other, but allowed the case to be determined upon the evidence of the note and his own testimony supporting the same in every particular, and without explanation we are entitled to assume that the words in parenthesis indicate that the defendant received the $4,007 in the form of money certificates. As held in *McClenathan v. Davis*, 243 Ill. 87, a promissory note being in the language of the maker, if the meaning is doubtful or ambiguous, such language will be construed most strongly against the maker. In *Massie v. Belford*, 68 Ill. 290, which is quite pertinent to the instant case, the court said:

"In the construction of written contracts, it is a well known rule of law that the intention of the parties who made the contract is to be determined from the whole instrument, and when the intention can be so ascertained it is the duty of courts to carry it into effect. If a contract contains ambiguous words, or words of doubtful construction, such are to be construed most

strongly against the party who executed the contract. If the contracting party uses, over his own signature, language of doubtful meaning, he cannot complain when the construction is favorable to the other contracting party, who is not presumed to have chosen the expression of doubtful meaning. (*Walker v. Kimball,* 22 Ill. 537; *McCarty v. Howell,* 24 Ill. 343).''

When the motions for instructed verdicts were made by both of the parties, the questions presented for the court's decision were questions of law and not of fact. The error which the court committed was in instructing a verdict for defendant, when it should have instructed a verdict for the plaintiff.

Therefore, we will do in our determination of the case what the trial court should have done, and we therefore reverse the judgment of the municipal court, and enter a judgment here for the plaintiff for the amount of the promissory note with interest at 6 per cent per annum from its date, December 15, 1916, to the date of the filing of this opinion, which is the sum of $6,941.45.

*Reversed and judgment here for plaintiff for $6,941.45.*

WILSON and RYNER, JJ., concur.