BRAINARD AVERY and Others, as Executors, etc., of ISABEL ALEXANDRIA CROSBY, Deceased, Appellants, *v.* TITLE GUARANTEE and TRUST COMPANY, as Trustee under a Certain Indenture of Trust Dated October 9, 1907, Made by CHARLES WELLINGTON CROSBY to It, Respondent, Impleaded with WALTER SCOTT FREE INDUSTRIAL SCHOOL FOR CRIPPLED CHILDREN, INC., and Others, Defendants.

First Department, November 7, 1930.

*Howard Hasbrouck,* for the appellants.

*George J. Vogel* of counsel [*Dunn, Daly & Bain,* attorneys], for the respondent.

SHERMAN, J. Defendant trustee has succeeded upon a motion made in advance of joinder of issue under section 278 of the Civil Practice Act and rule 106 of the Rules of Civil Practice, in dismissing the complaint on the ground that another action was pending between the same parties for the same cause at the time when this action was instituted. Although under section 278 of the Civil Practice Act and rule 106 of the Rules of Civil Practice affidavits may not be used upon such a motion, it appears that the parties nevertheless treated the motion as though made under rule 107. The record shows that plaintiffs had unsuccessfully presented their petition for relief in the Surrogate's Court and had been relegated to the Supreme Court to have the question determined as to whether the power of appointment given by a deed of trust had been exercised by the will of Isabel Alexandria Crosby and, if so, to determine the validity and effect thereof. The Surrogate's Court held that it did not have jurisdiction of the proceeding for the determination of that issue, and a decree to that effect was entered on April 21, 1930. Three days later this action was commenced by the service of the summons herein on Mary E. Thompson and the Title Guarantee and Trust Company, two of the defendants herein.

On the same day that this action was brought, the Title Guarantee and Trust Company served a summons and complaint on the New York Trust Company, one of the plaintiffs herein, in an action in this court wherein it sought to have its account as trustee judicially approved and also sought to have the deed of trust and the will of said decedent construed with reference to the exercise of said power of appointment.

Assuming that the actions are for the same relief and disregarding the circumstance that the present action may be broader and more far reaching in scope than that in which the respondent is plaintiff, nevertheless where both actions are instituted on the same day it cannot be said that one preceded the other. It is claimed that one action was instituted about one-half hour before the other. The law does not take account of such minutiæ and holds both actions to have been brought in parity of time. Therefore, the defendant's motion dismissing this action was erroneously granted.

The fact that one party served a summons and complaint and the other only a summons is immaterial, as a civil action is commenced on the date of the service of the summons. (Civ. Prac. Act, § 218.)

The papers furthermore fail to show that there is another action pending " between the same parties for the same cause." The respondent's action is primarily one for an accounting. It cannot ask judgment directing to whom the funds should be distributed as it has already made distribution. On the other hand, the purpose of this action, which has been dismissed, is not only a construction of the deed of trust but also of the will to ascertain whether the power of appointment therein was exercised, and it seeks a direction from the court to whom plaintiffs shall distribute the trust fund in their possession.

Accordingly, the complaint in this action should not have been dismissed and the order appealed from should be reversed, with ten dollars costs and disbursements to appellants, and the motion denied, with ten dollars costs, with leave to the said defendant trustee to answer within twenty days from service of order upon payment of said costs.

DOWLING, P. J., MERRELL, FINCH and MCAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant, respondent, to answer within twenty days from service of order upon payment of said costs.