Charles H. Albers, Receiver, Appellee, v. Andrew H. Dressel et al. Andrew H. Dressel and Julia Schanze, Appellants.

**Gen. No. 41,304.**

Opinion filed December 23, 1940.

JULIAN C. RYER and CLARKE B. RICHIE, both of Chicago, for appellants.

John E. Johnson and John R. Wall, both of Chicago, for appellees.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

By this appeal certain defendants seek to reverse two decrees entered in foreclosure suits which have been consolidated for hearing upon one set of abstracts and briefs.

One of the suits was to foreclose a trust deed given by Andrew H. Dressel on one-half of his farm to secure an indebtedness of $45,000, and the other to secure an indebtedness of $35,000 on the other half of the farm.

Counsel for defendants in this court say, ''There is no question made by this record in this cause upon the evidence. The matter was tried before Master in Chancery, a report by such Master culminating in a decree of sale.

''The question here involved is one of pleading. . . . There is no allegation of possession or ownership or right, title or interest in and to the note and indebtedness in question alleged to be set forth in either of the complaints.''

In support of defendants' contention counsel say, ''The one question involved in this proceeding is the failure of the pleadings to show any ownership or title to the chose in action. A careful scrutiny of the pleadings, to wit: the original bill of complaint in the Superior Court case and the amended bill of complaint in the Circuit Court case fail utterly to show any right, title or claim in the plaintiff against the defendant or any title or ownership of the note in question to be in the plaintiff.'' The argument seems to be that because of the failure to allege ownership of the notes and trust deed the decree cannot stand although the evidence may show the ownership of the notes.

This is all the argument in the brief and no reference

is made to any particular allegations of the bills, but we are left to search the record to see whether counsel's argument is supported after we examine the complaints. It is not the duty of the court to search through the record to see if it can find errors in the allegation. This is the work of counsel and the decrees appealed from might be affirmed without saying more. However, we have looked into the allegations of the complaints and find that each was brought by the receiver of a bank which was being liquidated, and in each copies of the notes and trust deed were attached to and made a part of the complaint and the receiver alleged they would be produced in open court. In one complaint it was alleged the receiver was the owner and holder of the principal note on which there was a balance of $40,000 due and unpaid, and in the other complaint it was alleged there was now due the complainant $35,000 on the other mortgage indebtedness. There is no merit in the contention. The production of the notes by plaintiff in the two suits was prima facie evidence of ownership in plaintiff. *Henderson v. Davisson,* 157 Ill. 379; *Dillon v. Elmore,* 361 Ill. 356; *Kazunas v. Wright,* 286 Ill. App. 554. No objection having been raised in the trial court to the sufficiency of the pleadings, it cannot be urged for the first time in a court of review. *Brandtjen & Kluge, Inc. v. Forgue,* 299 Ill. App. 585; *Replogle v. Scott,* 299 Ill. App. 270.

In the *Brandtjen & Kluge, Inc.,* case we said: "The sufficiency of the statement of claim may not be raised for the first time in the Appellate Court. Sec. 42 of the Civil Practice Act, ch. 110, par. 166, Ill. Rev. Stats. 1937, provides: '(3) All defects in pleadings, either in form or substance, not objected to in the trial court, shall be deemed to be waived.' " To the same effect is *Addante v. Pompilio,* 303 Ill. App. 172; *Toman v. Park Castles Apt. Bldg. Corp.,* 303 Ill. App. 205; *Grau v. Travelers Ins. Co.,* 303 Ill. App. 212.

The ground alleged for reversal is frivolous and wholly without merit and it is clearly apparent the appeals were prosecuted merely for delay

The decrees appealed from are affirmed.

*Decrees affirmed.*

MATCHETT and McSURELY, JJ., concur.