Elmer E. Schmoldt, Appellee, v. Chicago Stone Setting Company et al., Appellants.

Gen. No. 41,370.

378

Opinion filed March 31, 1941.

LAWRENCE E. FLEISCHMAN and IRVING GOODMAN, both of Chicago, for appellants.

PERRY B. BRELIN, of Chicago, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

July 18, 1939, plaintiff brought an action against defendants as maker and the endorsers of a promissory note. The defense interposed was that plaintiff was not a holder in due course, having acquired the note long after maturity; that he knew all about the facts and circumstances in connection with the execution of the note. There was a trial before the court without a jury, a finding and judgment in plaintiff's favor for $2,755 against all defendants, $200 additional against the maker of the note for attorney's fees, and defendants appeal.

The note is for $2,500 dated January 2, 1938, executed by defendant, Chicago Stone Setting Company, by its president, J. F. Stefan, payable on demand to the order of Joseph R. Schulz, with interest at 7%

per annum after date. It bears the endorsement of defendants, J. F. Stefan and Ole Jensen and of the payee, Joseph R. Schulz, "without recourse." It provided that a judgment by confession might be entered for the amount due, together with $400 attorney's fees.

On the trial plaintiff offered the promissory note in evidence and rested. Counsel for defendants there contended and in this court contend that plaintiff had not made out a *prima facie* case—that he was not a holder in due course. There is no merit in the contention. The production of the note by plaintiff was *prima facie* evidence of his ownership and that it was unpaid. *Albers v. Dressel,* 307 Ill. App. 470; *Henderson v. Davisson,* 157 Ill. 379; *Dillon v. Elmore,* 361 Ill. 356; *Kazunas v. Wright,* 286 Ill. App. 554.

Plaintiff in his complaint described the note made by defendant corporation payable to Joseph R. Schulz and by the latter endorsed without recourse and delivered to plaintiff; that he had made demand on the maker for payment and had given notice to defendants, Stefan and Jensen, the endorsers, but no payment had been made. A copy of the note was attached to and made a part of the complaint. The payee, Schulz, was not sued.

Defendants, the maker and the two endorsers, Stefan and Jensen, in their answer denied plaintiff was "an innocent holder in due course for value"; averred plaintiff had not paid anything of value for the note but was merely acting as agent of the payee, Schulz, and that he acquired the note after it was overdue; that about April 15, 1939, the payee, Schulz, agreed with Stefan, president of the defendant corporation, the maker of the note, that he would take a note of defendant company and predate it as of the date it bears, January 2, 1938; that the note would be used merely as evidence of a bad debt "to be charged as a loss in the income tax return" of Schulz; that Schulz would not transfer the note or sue upon it and in ac-

cordance with this agreement the note was executed by the corporation, the note being signed by Stefan, the president, and by him endorsed; that afterward Schulz requested defendant Jensen to sign certain papers, among which was the note in question, as vice president of defendant corporation, merely to identify the note and that Jensen was not requested to and did not endorse the note; that Schulz agreed with Stefan and Jensen that the note did not represent any indebtedness of any of the defendants and that there was no agreement to pay attorney's fee of $400, or any amount.

Plaintiff Schmoldt, called by defendants under § 60 of the Civil Practice Act (ch. 110, § 60, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.060]) for cross-examination testified he purchased the note May 25, 1939, from Schulz paying $500 for it; that he had no conversation with Schulz before he bought the note; that Schulz approached him and said he was in need of ready cash and asked if he would consider buying a note; that afterward he advised Schulz he would buy the note; that he paid for the note by cashier's check which he purchased at the Continental Bank; that he had no checking account or savings account at the time but kept his money in a safety box at home.

Defendant Jensen testified he knew Schulz well and was then asked by his counsel if he remembered when he signed any document for Mr. Schulz. Objection of plaintiff was sustained. He was also asked if he had any conversation with Schulz about making the note, to which objection was sustained. Stefan was called and was asked if he had had any conversation with Schulz at the time of the making of the note and upon objection this was sustained. He then testified he had one conversation with plaintiff; that he had a conversation with Mr. Schulz, the payee, when plaintiff Schmoldt was present. Counsel for plaintiff then stated: "It was my understanding that this note was

never to be delivered to anybody by Mr. Schulz and Schmoldt never should have gotten that note, and he knew it.'' On objection the court held this could not be gone into. Counsel for defendant was endeavoring to show there was no consideration for the note; it was not to be negotiated or presented for payment and that plaintiff, Schmoldt, knew of these facts. If such facts were shown, obviously plaintiff would not be a *bona fide* holder and no recovery could be had. Moreover, the note was not negotiated until about May 25, 1939, when Schmoldt said he purchased it and it was dated January 2, 1938, when it was more than 16 months overdue. In these circumstances plaintiff would not be a *bona fide* holder in due course so as to cut off equities and the same defense could be made against him as could be made against Schulz, the payee, in case he were seeking to recover on the note. Section 58, ch. 98, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 89.078]; *Nagle v. J. L. Hanson Co.,* 262 Ill. App. 160.

There was no warrant for the allowance of $200 attorney's fees for which judgment was entered against defendant, Chicago Stone Setting Company. The provision in the note for the allowance of attorney's fees only applied in case judgment was entered by confession. We might add that no court ought to allow $400 or $200 for confessing judgment on a $2,500 note.

For the reasons stated the judgment of the superior court of Cook county is reversed and the cause remanded.

*Reversed and Remanded.*

MATCHETT and McSURELY, JJ., concur.