MARTIN S. GERBER, Plaintiff-Appellant, *v.* FIRST NATIONAL BANK OF LINCOLNWOOD, Defendant-Appellee.—FIRST NATIONAL BANK OF LINCOLNWOOD, Plaintiff-Appellee, *v.* MARTIN S. GERBER, Defendant-Appellant.

(No. 60513; ▮▮▮▮▮▮▮▮▮▮▮▮

First District (3rd Division)—July 17, 1975.

Louis I. Kessler, Mark A. Greenhouse, Teller, Levit & Silvertrust, and Peter Carey, all of Chicago, for appellant.

Donald R. Harris, of Jenner & Block, of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

This is an appeal by Martin S. Gerber from adverse judgments in two consolidated cases. Gerber filed a declaratory judgment action praying that a promissory note executed by him, held by the First National Bank of Lincolnwood, be declared unenforceable and that confession on the note be restrained. Despite the pending action, in which it had filed a motion to dismiss, the bank confessed judgment in a separate action. Gerber petitioned the court to dismiss the confession case on the ground that there was another case pending between the same parties for the same cause. (Ill. Rev. Stat. 1969, ch. 110, par. 48(1)(c).) Instead, the two cases were consolidated and assigned to the Law Division. There, Gerber moved to open the judgment by confession pursuant to Supreme Court Rule 276 (Ill. Rev. Stat. 1969, ch. 110A, par. 276). The bank responded with motions to deny his petition and to dismiss his complaint, both of which were granted. Gerber twice amended the petition and the complaint, but never to the satisfaction of the court, which finally denied the second amended petition and dismissed the second amended complaint, with prejudice.

The issue for review is whether the court erred in these rulings. Primarily, we are asked to decide whether the complaint for declaratory judgment in its final form adequately alleged the defenses of duress and failure of consideration. Secondarily, we are asked to decide whether the judgment by confession should have been dismissed when Gerber notified the court of his prior pending action.

Gerber's second amended complaint averred that the First National Bank of Lincolnwood was the holder of a promissory note executed by him in the principal amount of $23,614.58, upon which the bank had threatened to confess judgment; that he was an attorney and was employed by the bank when he incurred the obligation; that his compensation from this employment approximated one-third to one-half of his total yearly income; that the bank threatened to terminate his employment if he refused to execute the note and this duress was the sole reason he incurred the debt. In addition to duress, want of consideration was pleaded. Gerber contends that these defenses were adequately set forth in the complaint and that he was entitled to a hearing on their merits.

A bit of background information can be helpful in understanding the want of consideration allegation. It appears, from a deposition given by Gerber, that one of the bank's directors borrowed a substantial sum from the bank to finance a business venture brought to his attention by Gerber. The venture failed, and officers of the bank demanded Gerber's note for one-half of the loss.

The bank claims that Gerber's allegation of want of consideration was insufficient because it left open the possibility that execution of the note was supported by consideration flowing to someone other than himself. If this were true, the point would be well taken. (*Wolf v. Endres* (1969), 113 Ill.App.2d 96, 251 N.E.2d 740.) But we do not subscribe to the bank's interpretation of the pleading. The complaint stated:

> "Plaintiff never received anything of any value whatsoever from defendant as consideration in support of said note, and never agreed that any consideration flowing to any other individual or entity would be accepted in support thereof."

The bank argues that Gerber's volition is immaterial to the question whether the note was supported by consideration passing to a third person; it is proposed that once it is known that proceeds were used to retire some antecedent obligation, inquiry should end.

Section 3—408 of the Commercial Code (Ill. Rev. Stat. 1969, ch. 26, par. 3—408) provides:

> "Want or failure of consideration is a defense as against any person not having the rights of a holder in due course  *  *  *, except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind."

The bank relies for its interpretation on the phrase "antecedent obligation of any kind," but that refers to the form of the previous obligation. It may be the antecedent or existing debt of one other than the note

maker. (*Kitzer v. Kitzer* (1974), 20 Ill.App.3d 54, 312 N.E.2d 699.) However, the important words in the instant situation are "given in paymen of or as security for." Gerber alleged that the note was not given for the purpose of reducing a third person's debt, nor for any other purpose except to prevent the bank from terminating his employment. The mere fact that the bank chose to use his note to release another obligation does not supply consideration to Gerber if that largesse was never his purpose when he executed the instrument.

■■ The bank also argues that the alleged want of consideration is negated by Gerber's deposition which showed that he knew the manner in which his note would be used. But Gerber himself was not an investor in the failed venture, and the fact that he knew how the bank would apply his note did not establish that application as the reason for which the note was given. In any event, the trial court entered no specific findings from which we could infer that it relied upon Gerber's deposition to justify its ruling. If the court had done so it would have been improper upon a dismissal motion based on section 45 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 45). (*Louis v. Barenfanger* (1967), 81 Ill.App.2d 104, 226 N.E.2d 85) We find that Gerber adequately pleaded the defense of want of consideration.

■■■ His claim of economic duress also merited an evidentiary hearing. That defense is a valid one under the modern view in this jurisdiction. The act or threat upon which a claim of coercion is predicated must only be wrongful in a moral sense, not necessarily a legal one. If it is also shown that the threat "left the individual bereft of the quality of mind essential to the making of a contract," then an agreement entered pursuant to such duress is voidable. (*Kaplan v. Kaplan* (1962), 25 Ill.2d 181, 182 N.E.2d 706.) Whether that test has been met depends upon the factual circumstances surrounding the whole transaction (*Weather-Gard Industries, Inc. v. Fairfield Savings & Loan Association* (1969), 110 Ill.App.2d 13, 248 N.E.2d 794), and it has been held that an averment that an employee-at-will entered an agreement under the threat of discharge is a sufficient pleading to merit resolution of the issue by the trier of fact. *Laemmar v. J. Walter Thompson Company* (7th Cir. 1970), 435 F.2d 680.

■■ The bank says that its threat to withhold legal business did not amount to duress because it was not so coercive that it could deprive Gerber of free choice. But his position differed from that of the employee in *Laemmar* only by degree. Gerber averred that his earnings from the bank's business approximated $25,000 to $30,000 annually— as much as one-half his total yearly income. The bank asserts that there can be no duress if the transaction was entered to ensure future eco-

nomic gain. The prospect of some gain cannot alter the basically involuntary character of a transaction if, as alleged here, the sole reason for entering the agreement was the pressure caused by threats of potential and severe detriment to one's business. See *People ex rel. Carpentier v. Treloar Trucking Co.* (1958), 13 Ill.2d 596, 150 N.E.2d 624.

■■ Gerber also charges the court with error for its refusal to dismiss the confession judgment pursuant to his section 48 motion. Section 48 of the Practice Act provides:

"(1) Defendant may, within the time for pleading, file a motion for dismissal of the action  *  *  *  upon any of the following grounds.  *  *  *

*  *  *

(c) That there is another action pending between the same parties for the same cause."

The statutory language is unambiguous. It grants a right to dismiss, thus fostering orderly procedure and relieving litigants and courts of unnecessary burdens associated with multiple actions. The pendency of an action is determined by the date the complaint is filed. (*People ex rel. Lehman v. Lehman* (1966), 34 Ill.2d 286, 215 N.E.2d 806.) A section 48(1)(c) motion should not require the exercise of judicial discretion except in those rare instances—this is not one—where complaints in both actions are filed simultaneously and neither court has priority of jurisdiction. (See, *e.g., Skolnick v. Martin* (1965), 32 Ill.2d 55, 203 N.E.2d 428.) Gerber's suit for declaratory judgment preceded the bank's action in confessing judgment on the note. The declaratory suit involved the identical parties as the confession case and was brought for the same cause. Actions are for the same cause when relief is requested on substantially the same set of facts. *Skolnick v. Martin.*

■■ The bank does not disagree, but contends that the petition to vacate was stricken because of substantive deficiencies in the prior action. In view of our disposition of the substantive issues, that contention is no longer tenable. But if that was the approach taken by the trial court it was a mistake. The section 48 motion was not addressed to the comparative merits of the two causes of action. Inquiry should have been limited to the respective times of filing and the identity of the parties and cause. (But see *Continental Grain Co. v. FMC Corp.* (1975), 27 Ill.App.3d 819, 327 N.E.2d 371.) Gerber's motion to dismiss the confession judgment should have been granted, and the error was not remedied by the order of consolidation. Dismissal of the later case would not have been disadvantageous to the bank since it could have filed a counterclaim in the declaratory judgment action.

At this juncture, no harm has resulted from the procedure adopted.

However, since our ruling on the substantive issues necessitates remandment for trial of the declaratory judgment action, the procedural error should also be corrected. The dismissal of Gerber's second amended complaint is reversed, and the cause is remanded, with leave granted the bank to file a counterclaim. The denial of Gerber's second amended petition to vacate the judgment on his note is reversed.

Reversed and remanded with directions.

McGLOON, P. J., and MEJDA, J., concur.