A. E. STALEY MANUFACTURING COMPANY, Plaintiff-Appellant, *v.* SWIFT & COMPANY, Defendant-Appellee.

Fourth District   No. 15522

Opinion filed January 8, 1980.

CRAVEN, J., dissenting.

Sacks, Montgomery, Pastore & Levine, of New York, and Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (Stuart M. Levine and Nicholas J. Neiers, of counsel), for appellant.

Frederic S. Lane and Robert B. Millner, both of Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, and Robert D. Winters, of Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur, for appellee.

Mr. PRESIDING JUSTICE MILLS delivered the opinion of the court:

Is place of trial to be determined by the stopwatch and a race to the courthouse steps?

We hope not. The forum and venue for a resolution of controversies on their merits is far too serious a matter to be relegated to a lawyer's dash for the clerk's office.

In short, we reverse and remand for the trial court to exercise the discretion that it never lost.

Now to the facts. This is *forum non conveniens* revisited and we are back on home court.

The A. E. Staley Manufacturing Company filed a $40 million breach of contract action in Macon County, Illinois, on September 12, 1977, against Swift & Company, who had filed an action based on the same contract against Staley in Des Moines, Iowa. Both suits were filed on the same day. Swift moved to dismiss the Illinois action on the basis of the doctrine of *forum non conveniens*. The motion was denied, an interlocutory appeal was taken to this court, and we affirmed (with one justice dissenting). 65 Ill. App. 3d 427, 382 N.E.2d 667.

Upon remand, Swift again moved to have the complaint dismissed, but this time relied on section 48(1)(c) of our Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c).) A memorandum, depositions, affidavits, and a certified copy of Swift's Iowa petition were filed in conjunction with this motion. Additionally, Swift raised the section 48(1)(c) defense in its answer. The trial court—for reasons to be explained later—granted the motion and this appeal followed.

Swift's purpose in filing the depositions and affidavits was to attempt to show that the Iowa action preceded the Illinois action, although both were filed the same day. No question arises as to the exact time that Swift filed its petition in Iowa. Apparently in that State, unlike Illinois, all pleadings are required to be time-stamped at the time of filing. In this case, the time stamp showed that Swift filed the petition against Staley at 2:49 p.m.

Ascertaining the exact time when Staley's complaint was filed in Macon County, Illinois, was not so straightforward.

The discovery deposition of a Staley employee who was present when the Illinois complaint was filed indicates that filing occurred between 3:30 and 4 p.m. Affidavits of two individuals who had filed complaints in Macon County on September 12, 1977, were also presented to the trial court. The person who filed a complaint in one case stated that she normally filed documents after 3 p.m. and that to the best of her knowledge she did the same thing on September 12. The complaint in another case was filed by an individual who customarily filed her documents after 3:30 p.m. Both of these complaints were filed prior to the time that Staley filed its complaint against Swift.

On the basis of this evidence, the trial court found the Iowa action preceded the Illinois action by 41 to 71 minutes. That finding is not challenged in this appeal.

The trial court then concluded that the parties and cause were the same. Since the Iowa action preceded the Illinois action, the court felt it

had no discretion as to the action it could take. The court directed that an order be prepared which granted Swift's motion based upon the court's findings and conclusion as to the amount of discretion available. An order dismissing the complaint without prejudice was entered March 22, 1979.

The question presented to us is simply whether the trial court possessed the discretion it felt was lacking. We conclude that it did.

Swift contends the Illinois rule is that where two actions pend between the same parties and for the same cause, the defendant in the later filed action has a *right* to have the complaint dismissed. It is argued that the language of the statute and of Illinois cases clearly leads to this conclusion. Since Swift's Iowa action preceded Staley's Illinois action by several minutes, Swift argues its right must be recognized and the trial court affirmed.

The statutory provision upon which Swift relies is contained in section 48 of the Civil Practice Act. The relevant portion provides:

"(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked, the motion shall be supported by affidavit;

\* \* \*

(c) That there is another action pending between the same parties for the same cause." Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c).

Several reasons support our conclusion that section 48(1)(c) does not mandate dismissal of Staley's complaint in this case.

Initially, it is important to recognize that section 48 of our Civil Practice Act was derived from various New York statutes. This history was reviewed in *Hansen v. Raleigh* (1945), 391 Ill. 536, 63 N.E.2d 851, where the court examined the rule that where a statute is adopted from another State, the judicial construction previously placed on it by that State's courts accompanies it and that interpretation is to be treated as if incorporated in the statute. The court went on to note that there had been no expression or manifestation of any legislative intent that the provisions of section 48 were not enacted in the light of construction previously placed on it by New York courts.

■■ Reference to New York law prior to 1933—the year section 48 was enacted—reveals that it could not be said that one action preceded another where they were instituted on the same day. (*Avery v. Title Guarantee & Trust Co.* (1930), 230 App. Div. 519, 245 N.Y.S. 362.) Although it was claimed in *Avery* that one action preceded the other by one-half hour, the trial court erred in dismissing the later case. The court concluded that New York law would not acknowledge such *minutiae* and

would treat both actions as having been brought at the same time. We believe that the construction placed on the statute in *Avery* also applies in Illinois.

If minutes of a day were intended to be of consequence under our Civil Practice Act, the legislature could easily have mandated use of time stamps when complaints are filed. But it has not done so. And we construe this as recognition that in Illinois neither justice nor jurisdiction are to be determined by resort to a stopwatch. The present case evidences the difficulty that may arise in attempting to ascertain the exact minute that a complaint is filed in Illinois. No one knows precisely when the Illinois complaint was filed, albeit apparently moments after Swift's filing in Iowa. Until the legislature manifests a contrary intent, we conclude, as did the New York courts prior to 1933, that such *minutiae* are without consequence in determining priority of jurisdiction.

Swift argues that reliance on prior New York law is misplaced, based upon its reading of our supreme court's decision in *Skolnick v. Martin* (1964), 32 Ill. 2d 55, 203 N.E.2d 428, *cert. denied* (1965), 381 U.S. 926, 14 L. Ed. 2d 684, 85 S. Ct. 1562. In that case, the issue was whether section 48(1)(c) authorized dismissal of an Illinois action where the other action was one pending in a Federal court. The identical question had previously been answered in the affirmative in *F & F Laboratories, Inc. v. Chocolate Spraying Co.* (1955), 6 Ill. App. 2d 299, 127 N.E.2d 682. However, the appellate court in *Skolnick* disagreed with the result reached in *F & F Laboratories*. It based this disagreement upon its review of New York cases decided prior to Illinois' enactment of section 48. The supreme court in *Skolnick* agreed with the *F & F Laboratories* decision, and the legislature was apparently in accord with that interpretation of the statute for it had not amended section 48(1)(c). The supreme court did not reject *Hansen v. Raleigh* as Swift would have us find.

Furthermore, the result we reach here is consistent with the approach adopted in *Gerber v. First National Bank* (1975), 30 Ill. App. 3d 776, 332 N.E.2d 615. There, section 48(1)(c) was construed as requiring the exercise of judicial discretion only where the complaints in both actions are filed *simultaneously* and neither court has priority of jurisdiction. Since we conclude that the minor differences in times of filing of the respective suits are without relevance, they were, in effect, simultaneously filed. The trial court was thus free to exercise discretion in ruling upon Swift's motion.

Our attention is directed to the case of *Baker v. Salomon* (1975), 31 Ill. App. 3d 278, 334 N.E.2d 313, where the appellate court affirmed dismissal of an Illinois action filed 59 minutes after the defendant had filed suit in New York. The issue in that case was not whether the 59 minutes was to be considered as legally significant but whether the "same

party" test had been met. The court decided that it had. The priority issue was not addressed in the opinion and apparently not argued by the parties. In the present case, the priority question in regard to portions of a day is directly in issue, and we conclude that those portions are not legally significant when ruling upon a motion filed pursuant to section 48(1)(c).

■■ Swift also cites to us the language in various opinions which it argues holds that section 48(1)(c) grants a *right* to dismiss; however, we are not cited to, nor have we found, any case where the issue was squarely confronted. The statutory language does not appear to command dismissal in every case. Section 48 clearly allows a defendant to move for dismissal "or other appropriate relief." Upon the basis of this plain language, a defendant can request the trial court to stay the present proceeding while the other pending action is litigated to conclusion. Or he can move to consolidate the two cases. Or he may ask for a transfer to where those actions would be appropriate. In short, he is not entitled, without limitation, to have the action flatly dismissed.

To hold that section 48(1)(c) mandates dismissal whenever another action pends between the same parties for the same cause would effectively ignore other provisions of the Civil Practice Act. The Illinois act does not contain a compulsory counterclaim rule as do the Federal Rules of Civil Procedure. (Compare Ill. Rev. Stat. 1977, ch. 110, par. 38, with Fed. R.Civ. P.13(a); see *Ginther v. Duginger* (1955), 6 Ill. 2d 474, 129 N.E.2d 147.) Requiring a trial court to dismiss one Illinois action because of another pending Illinois action could be a circuitous attempt to adopt a compulsory counterclaim rule in this State. Section 48 cannot be used for that purpose.

In the case before us, the trial court concluded that it was precluded from exercising its discretion in ruling on Swift's motion to dismiss. Because it was not, the cause is reversed and remanded to allow the court an opportunity to exercise that discretion.

Reversed and remanded.

TRAPP, J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

In *Gerver v. First National Bank* (1975), 30 Ill. App. 3d 776, 332 N.E.2d 615, the court clearly held that a trial court should dismiss an action when another action is pending between the same parties for the same cause. The statutory language with which we are here concerned was found to be unambiguous and the court concluded that dismissal is mandated except "in those rare instances—this is not one—where

complaints in both actions are filed simultaneously and neither court has priority of jurisdiction." 30 Ill. App. 3d 776, 780, 332 N.E.2d 615, 618.

"Simultaneous" used to mean that two or more occurrences or happenings were identical in time. (Black's Law Dictionary 1241 (5th ed. 1979).) But the majority, by Orwellian definition, concludes that "minor differences in times of filing of the respective suits are without relevance, they were, in effect, simultaneously filed." Could not the same be said of a one-day or one-week difference—a mere minor difference? Here, no one debates but that more than 40 minutes separated the filing, and Iowa had priority. Would the result of the majority be the same if the Iowa complaint had been filed one minute before the clerk's office closed, and the Illinois action filed one minute after the clerk's office opened the next business day, the difference of a mere two business minutes? But if the days involved were a Friday and a Monday, the two business minutes could be concerned with four days. If simultaneous is to be so elastic, surely it would stretch to cover that. It is convenient—but unusual—to define terms to one's own momentary need.

The majority here and in the earlier appeal reach a result clearly incompatible with the orderly and efficient administration of justice. The trial court did what the dissent *and* the majority opinion in the first go-round clearly indicated should be done. Further, several cases clearly indicate the trial court was correct: *Continental Grain Co. v. FMC Corp.* (1975), 27 Ill. App. 3d 819, 327 N.E.2d 371; *Skolnick v. Martin* (1964), 32 Ill. 2d 55, 203 N.E.2d 428; *Baker v. Salomon* (1975), 31 Ill. App. 3d 278, 334 N.E.2d 313; *Gerber v. First National Bank* (1975), 30 Ill. App. 3d 776, 332 N.E.2d 615; and *People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 215 N.E.2d 806.

It is just plain silly to have a $40,000,000 messy contract lawsuit being tried in Iowa and Illinois at the same time between the same parties. Provincialism is incompatible with efficient judicial administration. To me the majority opinion is purely provincial, and I disagree.