HERBERT R. LEOPOLD, Plaintiff-Appellant, *v.* JACK HALLECK, Defendant-Appellee.

First District (4th Division)    No. 81-779

Opinion filed May 6, 1982.

McConnell & Campbell, of Chicago (Anthony S. DiVincenzo, of counsel), for appellant.

John E. Cunningham, of Chicago, for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Herbert R. Leopold, now deceased, for whom Marjorie Leopold Rosen, executor of his estate, has been substituted as plaintiff, brought this action against defendant, Jack Halleck, to collect on a promissory note. At trial in the circuit court of Cook County, the trial judge, pursuant to defendant's motion at the close of plaintiff's case, directed a verdict in favor of defendant. Plaintiff appeals, contending that under the controlling statute (Ill. Rev. Stat. 1975, ch. 26, par. 3—307(2)), plaintiff had satisfied the requirements for establishing a *prima facie* case, and the trial judge therefore should have denied defendant's motion and directed defendant to proceed with his defense. The only issue on appeal is whether plaintiff Leopold had presented sufficient evidence to establish a *prima facie* case which thereby mandated the denial of defendant Halleck's motion for a directed verdict.

We reverse the dismissal of plaintiff's complaint and remand for completion of the trial on the merits.

FACTS

Plaintiff Leopold filed this action on October 27, 1976, to recover on a negotiable promissory note payable to the order of H. R. Leopold and signed by the defendant Jack Halleck. The note, dated August 2, 1971, was for the amount of $5,207.50 at 4% annual interest and was due on August 2, 1976, five years from its date of issue and delivery.

On November 9, 1977, after filing suit but before trial began, Leopold died. Marjorie Leopold Rosen, executor of Leopold's estate, was substituted as plaintiff in this action.

When trial commenced on February 27, 1981, plaintiff produced the original note and introduced it as Plaintiff's exhibit No. 1. Plaintiff then called Halleck as an adverse witness pursuant to section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60). Halleck testified that the signature on the note was his own. Plaintiff moved the note into

evidence over defendant's objection, rested, and moved for a directed verdict. The trial court denied plaintiff's motion. Defendant Halleck then moved for a directed verdict in his favor. Counsel for plaintiff argued that introduction of the instrument as evidence of the debt and admission by the defendant that the note bore his signature were the only two requirements to establish a *prima facie* case under the provisions of the Uniform Commercial Code, the controlling statute (Ill. Rev. Stat. 1975, ch. 26, par. 3—307(2)). The trial court nevertheless asserted that, as a matter of law, those two evidentiary factors were insufficient to establish the debt and concluded that plaintiff had failed to prove the individual liability of Jack Halleck and the plaintiff executor's status as the holder of the note. Accordingly, the trial court granted defendant Halleck's motion for a directed verdict, concluding that even if plaintiff had established a *prima facie* case, the evidence was insufficient to shift to defendant Halleck the burden of going forward with his defense.

OPINION

Initially, we note the problem created by what appears to be an existing conflict between two Illinois statutes, each of which purports to govern the procedural and evidentiary requirements for establishing a *prima facie* case. The plaintiff's objective under both statutes is to present sufficient evidence to withstand defendant's possible motion for a directed verdict made at the close of the plaintiff's case in chief. In the present case, defendant Halleck contends that the applicable standard is that found in section 64(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 64(3)), which requires the trial court sitting without a jury to "weigh the evidence," a phrase interpreted in *Hawthorn Mellody Farms Dairy, Inc. v. Rosenberg* (1973), 11 Ill. App. 3d 739, 297 N.E.2d 649, to mean that the court must weigh all the evidence, not just evidence favorable to the plaintiff, and reach a final determination on the merits. The trial court immediately enters judgment for the defendant if the plaintiff has not met his burden of proof by a preponderance of the evidence. (11 Ill. App. 3d 739, 744, 297 N.E.2d 649, 653.) Defendant Halleck argues that plaintiff's limited evidence was insufficient to establish a right to recover on the instrument in question. He points out that delivery of the note, consideration given for the note, the fact that plaintiff is the legal holder of the note, and defendant's personal liability on the note were never even alleged, much less proven.

Plaintiff, on the other hand, maintains that the standard set by section 64(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 64(3)) is inapplicable in the present case because the pertinent Uniform Commercial Code section (Ill. Rev. Stat. 1975, ch. 26, par. 3—307) establishes the

requirements for recovery on a negotiable instrument such as the note in this case. Plaintiff contends that the presentation of evidence here satisfied the statutory requirements of section 3—307 and thus precluded a directed verdict for defendant at the close of plaintiff's case. We agree with Leopold.

■■ The Uniform Commercial Code standards for establishing a *prima facie* case on a negotiable instrument take precedence over those in the Civil Practice Act simply because the Civil Practice Act says they do: "The provisions of this Act apply to all civil proceedings * * * *except in* * * * *proceedings, both at law and equity, in which the procedure is regulated by separate statutes.*" (Emphasis added.) Ill. Rev. Stat. 1975, ch. 110, par. 1.

■■ The standard applicable in the present case is that found in section 3—307(2) of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 3—307(2)): "When signatures [on commercial paper] are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." It is apparent that plaintiff Leopold satisfied the statutory requirements; under section 1—201(20) (Ill. Rev. Stat. 1975, ch. 26, par. 1—201(20)), a "holder" is "a person who is in possession of * * * an instrument * * * issued or indorsed to him or to his order * * *." Herbert Leopold, the named payee on the instrument, personally instituted this action in 1976. The fact of his death and the court-appointed substitution of his executor does not alter the fact that he or his estate qualified as the holder of the instrument. In *Telpner v. Hogan* (1974), 17 Ill. App. 3d 152, 308 N.E.2d 7, plaintiff Rose Telpner, legal representative of the estate of Louis Telpner, presented several notes bearing defendant's admitted signature and testified that they were in the decedent's possession when he died. The court there stated that "[a]t that point the plaintiff had established a *prima facie* case and, under the authority of section 3—307(2), the burden of proving any defense to enforcement of the instrument shifted to the defendant." 17 Ill. App. 3d 152, 158, 308 N.E.2d 7, 11.

■■ Defendant Halleck claims that because the executor did not testify, it was never established that Leopold's estate was the holder of the note. Further, the attorney for Leopold's estate refused the court's invitation to have Marjorie Rosen, the executor, testify to establish her status as holder.

Defendant Halleck contends that the trial court correctly determined that a person claiming to be a holder must prove his status in court. We disagree. Not only does the pertinent case law as well as the statute clearly show that the possession of a negotiable note is *prima facie* evidence that the possessor is the owner (*Schmoldt v. Chicago Stone Setting Co.* (1941), 309 Ill. App. 377, 33 N.E.2d 182), but the named payee, Leopold himself,

originally produced the note when filing this action. We find no merit in defendant Halleck's claim that Marjorie Rosen, executor, had to produce proof of her status as holder in order to fulfill the statutory requirements of section 3—307. Similarly, if the document on its face fulfills the requirements for negotiability set forth in section 3—104 of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 3—104), it is *prima facie* a negotiable instrument. The necessity for proof of holder status, negotiability, consideration, or any other requirement arises only after the defense has presented some evidence challenging the efficacy of the instrument, the holder status of the possessor, or any other mandatory requirement. "In a suit upon a negotiable instrument itself, the Section presumes a right to recovery, upon proof of the instrument, until and unless it is shown that a defense does exist. Section 3—307(2)(3)." *Bank of North Carolina, N.A. v. Rock Island Bank* (C. D. Ill. 1979), 471 F. Supp. 1301, 1304.

The case of *McConnaughy v. Gage* (1929), 252 Ill. App. 17, which was not cited by either party in this case, dealt with a situation identical to the one here. Plaintiff McConnaughy introduced a document purporting to be a negotiable note on which she was the named payee. She then called Gage, the maker of the note, as an adverse witness, and he verified the signature as his own. McConnaughy rested her case and moved for a directed verdict, which the court denied. Although defendant Gage had filed an affirmative defense, he chose to produce no evidence but moved instead for a directed verdict in his favor, which the court granted.

When McConnaughy appealed, the appellate court stated, "The introduction of the note in evidence, and the testimony of defendant unequivocally supporting the same, made a sufficient prima facie case entitling plaintiff to recover the amount due upon the note with interest as in said note specified. [Citations.] 'When appellant offered the notes in evidence it established a *prima facie* case, and in the absence of evidence to support the special pleas was entitled to a verdict. * * * The action of the court in directing a verdict in favor of appellee was contrary to the law and the evidence.' " (252 Ill. App. 17, 21, quoting *Visible Measure Gasoline Dispenser Co. v. Suprunowski* (1922), 226 Ill. App. 107, 109.) Although those cases were decided under the old Negotiable Instruments Law, section 1—103 of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 1—103) provides for the use of pre-Code principles of law to aid in interpreting the Code unless Code language specifically displaces the earlier law. The dispositive language in *McConnaughy* directly parallels that of the current statute and thus should be accorded consideration. *Moore v. Burt Chevrolet, Inc.* (1977), 39 Colo. App. 11, 563 P.2d 369.

For all the above reasons, we reverse the judgment of the trial court

and remand the cause for further proceedings in accordance with the findings herein set forth.

Reversed and remanded.

JOHNSON, P. J., and ROMITI, J., concur.