**RECREATION SERVICES, INC. DEFINED BENEFIT PLAN, Plaintiff,**

v.

**UTAH MORTGAGE COMPANY, a Michigan corporation, and Harvey M. Aidem, Defendants.**

No. 89 C 3295.

United States District Court, N.D. Illinois, E.D.

Sept. 19, 1989.

Edwin R. McCullough, Chicago, Ill., for plaintiff.

Michael J. Koenigsknecht, Gardner, Carton & Douglas, Brien A. Bosch, Chicago, Ill., for defendants.

### MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

The Recreation Services, Inc. Defined Benefit Plan has moved for judgment on its First Amended Complaint under Rule 12(c), Fed.R.Civ.P., against Utah Mortgage Company for the dishonor of a check in the amount of $39,494.00. In considering this motion, the court must view the facts presented in the pleadings and the inferences drawn from those facts in the light most favorable to the nonmovant, Utah Mortgage. This means that the court must accept Utah Mortgage's allegations in its Answer to the Plan's First Amended Complaint, and treat the Plan's allegations as false (unless Utah Mortgage admits them). See Charles Alan Wright and Arthur R. Miller, 5 Federal Practice and Procedure § 1368 (West 1969).

Applying this standard to the pleadings, these are the uncontested facts: On December 23, 1989, Utah Mortgage tendered a check for $39,494.00 to the Plan, drawn on Utah Mortgage's Escrow Account at First of America Bank–Southeast Michigan, N.A. This check bore the signature of Utah Mortgage's president and manager, Harvey M. Aidem. Utah Mortgage lacked sufficient funds in the account, however, as a third party, Phoenix Homes, Inc., had failed to make a promised deposit. On April 4, 1989, the Plan deposited the check in the Harris Bank. (Utah Mortgage states that it lacks sufficient knowledge to admit this, but it also says that a copy of the check, attached as Exhibit B to the Plan's First Amended Complaint, speaks for itself; the exhibit presents these very facts.) The check made its way to First of America; First of America dishonored it,

stamping "ACCOUNT CLOSED" across the face of the check.

■ Utah Mortgage claims that, despite these facts, the Plan is not entitled to judgment. Utah Mortgage argues first that the Plan has not made out a prima facie case for recovery under Illinois law. The parties agree that the Illinois Commercial Code—Commercial Paper, Ill.Rev.Stat. ch. 26, §§ 3–101 et seq. (1987), covers this case. Section 3–307(2) states that "[w]hen signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." While Utah Mortgage has admitted Aidem's signature, see *id.*, § 3–307(1), the Plan has not produced the check to the court. The Code requires production of the check to ensure that the plaintiff is still its owner. See *Leopold v. Halleck*, 106 Ill.App.3d 386, 389–90, 62 Ill. Dec. 447, 449–50, 436 N.E.2d 29, 31–32 (1982) (production of note to the court proves status as holder). The parties may waive this requirement by admission or stipulation, see, for example, *Steven v. Falese Land Co.*, 50 Ill.App.3d 231, 244–45, 8 Ill.Dec. 581, 590–91, 365 N.E.2d 967, 976–77 (1977) (parties stipulated to photocopy of destroyed note), but Utah Mortgage has not admitted or stipulated to the Plan's ownership of the check.

■ The Plan is thus not entitled to judgment on the pleadings. Even if it had produced the check, however, it still would not be entitled to judgment on the pleadings. This is because Utah Mortgage has raised the defense of failure of consideration. Failure of consideration is a defense to payment under the Code against persons not having the rights of a holder in due course. See Ill.Rev.Stat. ch. 26, § 3–408. The Plan argues that this defense is unavailable to Utah Mortgage, as § 3–408 also states that "no consideration is necessary for an instrument ... given in payment of ... an antecedent obligation of any kind."

Utah Mortgage admits in its Answer that Phoenix Homes owed a debt to the Plan. The company disputes, however, that it tendered its check to the Plan in payment for this debt. Utah Mortgage claims that it tendered its check to the Plan only because it believed that Utah Mortgage would be sending money, not in expectation of receiving consideration from the Plan's cancellation of Phoenix Homes's debt.

Utah Mortgage's motive for tendering its check to the Plan is relevant to the issue of whether this case falls within the "no consideration" exception of § 3–408. In *Gerber v. First National Bank*, 30 Ill.App.3d 776, 332 N.E.2d 615 (1979), attorney Martin Gerber executed a promissory note and gave it to his employer, the First National Bank of Lincolnwood. Gerber alleged that he gave the note to the bank after a business venture which he recommended to one of the bank's directors failed. The Bank threatened to fire Gerber if he did not execute the note. Later Gerber sued for a declaration that the Bank could not enforce the note, arguing duress in its execution and failure of consideration. *Id.* at 778, 332 N.E.2d 615.

The Bank argued that Gerber could not assert a defense of lack of consideration under § 3–408, as he had given the note as payment for the debt of the failed business and had known how the Bank would apply his note. The appellate court disagreed, holding that how the bank applied Gerber's note was relevant only if Gerber's purpose in executing it was to make payment on the antecedent debt. *Id.* at 778–79, 332 N.E.2d 615.

*Gerber* illustrates that despite § 3–408's pronouncement that "no consideration is necessary" when a party writes a check that extinguishes an antecedent obligation, the Illinois courts require a proper benefit to flow to that party. This is consistent with a case which the Plan has urged on the court, *Biggs v. World Air Conditioning, Inc.*, 722 S.W.2d 27 (Tex.App.1986). There Billy Bob Biggs, the owner of Biggs, Inc. and a 50% partner in J.B. Properties, executed a check payable to World Air Conditioning. According to affidavit testimony, Biggs gave the check "to pay on [Biggs, Inc.'s] account...." The check bounced, and World sued to collect under Texas's version of § 3–408 of the Uniform

Commercial Code, which in pertinent part is the same as Illinois's. The *Biggs* court held that since Biggs had sworn he had given the check in payment for Biggs, Inc.'s debt, he could not assert to the contrary on appeal. *Id.* at 27, 29.

In this case, Utah Mortgage has alleged that it received no benefit from anyone in writing its check to the Plan—rather, it was acting as an uncompensated intermediary. This is enough to defeat the Plan's claim that it is entitled to judgment on the pleadings.

The Plan's motion for judgment on the pleadings is denied.