MILTON H. TUTTLE, Ex'r of the Estate of Bettye Kummerle, Deceased, Plaintiff-Appellee, v. LUCILLE K. ROSE, Defendant-Appellant.

First District (3rd Division)    No. 79-2185

Opinion filed December 23, 1981.

Peter G. Frezados, of Regas & Frezados, of Chicago, for appellant.

Kevin J. Caplis, of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE RIZZI delivered the opinion of the court:

This action was brought by Milton Tuttle, executor of the estate of Bettye Kummerle, to confirm judgment by confession on a promissory note executed by defendant, Lucille K. Rose, and made payable to the decedent, Bettye Kummerle. The trial court entered judgment in favor of plaintiff. We affirm.

At trial, the only witness was Milton Tuttle. He testified that subsequent to decedent's death on July 13, 1977, and in the performance of his duties as executor of her estate, he found a promissory note in the amount of $10,000 in decedent's safety deposit box. The note, which was dated October 24, 1974, was executed by defendant and made payable to decedent. The note contained a confession of judgment clause. Tuttle, who had been decedent's attorney, had seen the note before when decedent gave it to him in June 1975. He put it in her safety deposit box at that time and never removed it during decedent's lifetime.

After plaintiff rested his case, defendant moved for a directed finding, arguing that there was no evidence that the amount of the promissory note was still owing as alleged in the complaint. The motion was denied, and defendant did not present any evidence. The trial court entered judgment in favor of plaintiff for $10,000 plus interest, attorney's fees and costs.

Basically, defendant contends that plaintiff did not prove the essential elements of his cause of action because he did not prove that the note remained unpaid. The evidence establishes that the note was found among decedent's possessions. The note was introduced into evidence, and defendant does not dispute the genuineness of her signature or the execution and delivery of the note. Defendant argues that plaintiff was required to introduce additional evidence to prove that the note was unpaid.

■■ Section 3—307 of the Uniform Commercial Code provides that when the signatures on a note are admitted or established, production of the

instrument entitles a holder to recover unless the defendant establishes a defense. (Ill. Rev. Stat. 1979, ch. 26, par. 3—307(2).) This means that once the holder produces the instrument, he is entitled to recover in the absence of any further evidence. The defendant has the burden of establishing any defense, including payment, by a preponderance of the evidence. Ill. Ann. Stat., ch. 26, par. 3—307, Comment, at 204 (Smith-Hurd 1963); Ill. Ann. Stat., ch. 26, par. 3—603, Comment, at 396 (Smith-Hurd 1963); cf. *Niehaus v. Niehaus* (1954), 2 Ill. App. 2d 434, 442, 120 N.E.2d 66, 70.

■■ In the present case, the evidence was sufficient to establish that plaintiff is entitled to recover on the note. If defendant's defense was that the note had been paid, the burden of proving payment was on defendant. (*Telpner v. Hogan* (1974), 17 Ill. App. 3d 152, 157-58, 308 N.E.2d 7, 10-11.) We reject defendant's argument that plaintiff was required to prove nonpayment of the note by extrinsic evidence because plaintiff alleged in his complaint that the note was not paid. We also reject defendant's argument that plaintiff had to prove nonpayment of the note because defendant denied in a verified answer that the note was not paid.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.