**GENERAL ELECTRIC CAPITAL CORPORATION, Plaintiff,**

v.

**Morton KOZIL d/b/a Koenig Art Emporium, Defendant.**

No. 92 C 4102.

United States District Court, N.D. Illinois, E.D.

June 14, 1993.

---

George N. Vurdelja, Jr., Chicago, IL, for plaintiff.

Stephen B. Engelman, Skokie, IL, for defendant.

### MEMORANDUM ORDER

BOBRICK, United States Magistrate Judge.

Before the court is the motion for summary judgment of plaintiff, General Electric

understood" plaintiffs' arguments. (Motion, p. 2 & nn. 3–4).

Capital Corporation ("GECC"), against defendant, Morton Kozil d/b/a Koenig Art Emporium ("Kozil").[1]

GECC has filed a complaint consisting of one count, breach of promissory note. Jurisdiction is proper under 28 U.S.C. § 1332, based upon diversity of citizenship and an amount in controversy in excess of $50,000, exclusive of interests and costs. Venue is proper under 28 U.S.C. § 1391(a).

## I. BACKGROUND

GECC is a New York Corporation with its principal place of business in Connecticut. (Plaintiff's Statement of Uncontested Facts Pursuant To Local Rule 12(M) (Pl.'s St. Facts) ¶ 2). Kozil is a citizen of either Tennessee or Illinois and resides in Oak Park, Illinois. (Id.) Kozil owned a sole proprietorship known as Koenig Art Emporium, with its principal place of business in Goodlettsville, Tennessee. (Id.)

On November 21, 1989, Kozil borrowed from GECC the principal sum of $148,000. (Pl.'s St. Facts, ¶ 3). Kozil personally executed a Promissory Note ("Note") for the sum of $148,000. (Id. See also, Plaintiff's Exhibit A.) Kozil delivered the Note to

GECC at the same time GECC disbursed the funds to Kozil. (Pl.'s St. Facts, ¶ 4). According to the terms of the Note, Kozil is responsible for the payment of overdue interest payments, late payment charges, attorney fees and expenses incurred by GECC in connection with collection of amounts due under the Note. (Pl.'s St. Facts, ¶ 5).

Kozil failed to make the installment payments on the Note, beginning February 1, 1991, and has made no further payments to date. (Complaint, ¶ 6). On December 4, 1991 and March 11, 1992, GECC sent letters to Kozil notifying Kozil that he had defaulted under the Note and declaring due the entire principal sum, all interest and any other sum payable under the Note. (Complaint, ¶ 6.) See also, Plaintiff's Exhibits B & C. Kozil did not make payment of these amounts.

GECC asserts that the principal sum now owing is $135,350.00 (Plaintiff's Supplemental Statement of Uncontested Facts Pursuant To Local Rule 12(M) (Pl.'s Sup.St.Facts), ¶ 1). GECC further asserts that the interest due on that amount through June, 1993 is $28,-679.40. (Pl.'s Sup.St.Facts, ¶ 2). The interest to date and through February, 1997 is calculated, per the terms of the Note, as follows:

$$\frac{\text{Prime Rate} + 2\% \times \text{days in month} \times \text{Balance}}{365 \text{ days}} = \text{interest due.}$$

(Pl.'s Sup.St.Facts, ¶ 3). The prime rate used in determining the interest is defined in the Note. (Pl.'s Sup.St.Facts, fn. 1; see also, Plaintiff's Exhibit A). The balance used in calculating each month's interest is the balance on the principal amount due at that time if Kozil had maintained his payment schedule. (Pl.'s Sup.St.Facts, fn. 2). From March, 1997, until payment of the total amount due, including principal, interest and late fees, interest will be 20%, accruing annually, on the principal amount. Partial payments will be attributed to interest, principal and late fees, in that order. (Pl.'s Sup.St. Facts, ¶ 4). The amount of late fees owing through June, 1993 is $2,570.00. (Pl.'s Sup. St.Facts, ¶ 5). Late fees are calculated as 5% of the amount due each month under the payment schedule, as per the Note. (Pl.'s St.Facts, ¶ 6). According to GECC, attor-

ney's fees owed to GECC from Kozil, as of March 8, 1993, are $2,681.30. (Pl.'s St.Facts, ¶ 9). GECC collected money from a third party, in connection with collection of the debt on the Note. Per GECC, the amount allocable to Kozil from that recovery is $24,-190.54. The pro rata costs of collecting this sum is $4,398.28 which leaves a net amount of $19,792.26 to be credited against the amount owed by Kozil on the Note. (Pl.'s St.Facts, ¶ 10).

## II. ANALYSIS

### A. Summary Judgment

In order for a party to prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, [must] show that there is no genuine

---

1. The parties, pursuant to 28 U.S.C. § 636(c) consented to the assignment of the matter to this Magistrate Judge for all proceedings including trial and the entry of judgment.

issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). In the context of a summary judgment proceeding, the court does not weigh evidence to determine the truth of asserted matters, but simply determines whether there is a genuine issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The question to be considered in a motion for summary judgment is "whether, if the record of the summary judgment proceeding were the record of a trial, a reasonable fact finder, whether judge or jury, could find in favor of the party opposing the motion for summary judgment." *Tobey v. Extel/Jwp, Inc.*, 985 F.2d 330, 332 (7th Cir.1993). When a defendant moves for summary judgment, it must demonstrate, based on the record, that there is an absence of evidence to support the plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Similarly, a plaintiff cannot rest on mere allegations of a claim, especially with respect to an issue on which it bears the burden of proof, but must affirmatively demonstrate through a specific, factual showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53. Summary judgment is appropriate when the evidence supporting the non-movant is merely colorable or is not significantly probative. *Bank Leumi, Le–Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

### B. *Local Rule 12*

Local Rule 12 of the Northern District of Illinois specifies certain requirements to be met by the party moving for summary judgment:

(M) Motions for summary judgment; Moving party. With each motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure the moving party shall serve and file, in addition to the affidavits (if any) and other materials referred to in Rule 56(e) and a supporting memorandum of law, a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law including a description of the parties and all facts supporting venue and jurisdiction in this Court. That statement shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion. (Amended, effective June 4, 1990). N.D.Ill.LOCAL R. 12(M)

Local Rule 12 is equally specific about the requirements to be met by the party opposing summary judgment:

(N) Motions for summary judgment; Opposing party. Each party opposing a Rule 56 motion shall serve and file, together with opposing affidavits (if any) and other materials referred to in Rule 56(e) and a supporting memorandum of law, a concise response to the movant's statement. That response shall contain (1) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and (2) a statement, consisting of short numbered paragraphs, of any additional facts which require the denial of summary judgment, including references to the affidavits, parts of the record and other supporting materials relied upon. N.D.ILL.LOCAL R. 12(N).

Local Rule 12 is very clear about the consequences to the party opposing summary judgment if that party does not meet the requirements of Rule 12(N):

All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party. (Amended, effective June 4, 1990)

GECC, the party moving for summary judgment, has submitted a "Motion For Summary Judgment", a "Statement of Uncontested Facts Pursuant To Local Rule 12(M)", affidavits of Robert Morse and George N. Vurdelja, Jr., a copy of the Note signed by Kozil (Exhibit A), and at the request of this court, a "Supplemental Statement Of Uncontested Facts Pursuant To Lo-

cal Rule 12(M)", and "Supplemental Affidavit of Robert J. Morse". GECC has met the requirements of Local Rule 12(M).

Kozil, in opposing the motion for summary judgment, has submitted a three paragraph "Response To Motion For Summary Judgment". In the first paragraph, Kozil admits that he executed and delivered the Note to GECC. (Defendant's Response To Motion For Summary Judgment (Def.'s Resp.Mot.) ¶ 1). He further states that he has insufficient knowledge regarding what sums are owing on the Note and therefore does not dispute any of the facts alleged in the complaint as properly set forth in the affidavits filed by GECC. (Def.'s Resp.Mot. ¶ 1). Kozil, in the next two paragraphs, expresses concern that the affidavit of Robert Morse does not set out allegations of fact but rather is conclusory regarding the balance due on the Note. Kozil does not dispute the content of the Morris Affidavit.

Kozil's response does not comply with the requirements of Local Rule 12(N). There is no "supporting memorandum of law". There is no "response to each numbered paragraph in the moving party's statement" with specific references to affidavits, parts of the record and other materials relied upon. Kozil does not provide any "statement, consisting of short numbered paragraphs, of any additional facts, which require the denial of summary judgment." In fact, Kozil does not actually dispute any of the facts as set out by GECC in its 12(M) statement.

Any of the enumerated statements not specifically responded to and controverted by the party opposing summary judgment are deemed admitted. N.D.Ill.Local R. 12(N). *Tobey v. Extel/Jwp, Inc.*, 985 F.2d at 333; *Brown v. U.S.*, 976 F.2d 1104, 1108 (7th Cir.1992); *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 518-19 (7th Cir.1992). The strict application of Local Rule 12(N) has been repeatedly upheld in the Northern District of Illinois. *Brown v. U.S.*, 976 F.2d at 1108; *Schulz v. Serfilco, Ltd.*, 965 F.2d at 519. Because Kozil has not met the requirements of Local Rule 12(N) and has not controverted any of the material facts set forth in GECC's Local Rule 12(M) statement, all of the material facts set forth in GECC's Local Rule 12(M) statement are deemed admitted. There is, therefore, no genuine issue of material fact.

### C. *Uniform Commercial Code*

The Uniform Commercial Code provides, in relevant part, as follows:

(a) In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature. If an action to enforce the instrument is brought against a person as the undisclosed principal of a person who signed the instrument as a party to the instrument, the plaintiff has the burden of establishing that the defendant is liable on the instrument as a represented person pursuant to Section 3–402(a).

*(b) If the validity of signatures is admitted or proved and there is compliance with sub-section (a), a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under Section 3–301, unless the defendant proves a defense or claim in recoupment.* (Italics added) U.C.C. § 3–308 (1988); 810 ILCS 5/3–308 (1993).

Person entitled to enforce instrument. *"Person entitled to enforce"* an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3–309 or 3–418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument. (Italics added). U.C.C. § 3–301; 810 ILCS 5/3–301.

§ 1–201.

(20) *"Holder" means a person who is in possession of* a document of title or *an instrument* or a certificated investment security drawn, issued, or *indorsed to him* or his order or to bearer or in blank. (Italics added). U.C.C. § 1–201(20).

§ 5/1–201

(20) *"Holder" with respect to a negotiable instrument means the person in possession if (i) the instrument is payable to bearer* or (ii) in the case of an instrument payable to an identified person, if the identified person is in possession. "Holder" with respect to a document of title means the person in possession if the goods are deliverable to bearer or to the order of the person in possession. (Italics added).
810 ILCS 5/1–201(20).

The Note is payable to GECC. (Plaintiff's Exhibit A.) GECC is in possession of the Note. Therefore, GECC is the holder of the Note. U.C.C. § 1–201(20); 810 ILCS 5/1–201(20). Kozil has admitted that he executed the Note and delivered it to GECC. (Defendant's Answer to Plaintiff's Complaint, ¶¶ 4 & 5; Def's Resp.Mot, ¶ 1.) As holder of the Note, GECC is the person entitled to enforce the Note. U.C.C. § 3–301; 810 ILCS 5/3–301. Because Kozil has admitted that he signed the Note and because GECC is entitled to enforce the Note, upon production of the Note, GECC is entitled to payment unless Kozil is able to establish a defense or claim in recoupment. U.C.C. § 3–308(b); 810 ILCS 5/3–308(b). *See also, Wilbur v. Potpora,* 123 Ill.App.3d 166, 78 Ill.Dec. 615,

462 N.E.2d 734, 736 (1984); *Leopold v. Halleck,* 106 Ill.App.3d 386, 62 Ill.Dec. 447, 436 N.E.2d 29, 31 (1982); *Tuttle v. Rose,* 102 Ill.App.3d 865, 58 Ill.Dec. 414, 430 N.E.2d 356, 358 (1981). The burden is on Kozil to establish a defense as to why GECC should not recover on the Note. Kozil has not offered any such defense. GECC is therefore entitled, as a matter of law, to payment according to the terms of the Note.

## III. *CONCLUSION*

In order to prevail on a summary judgment motion, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. Because of Kozil's failure to submit a Local Rule 12(N) statement, all of the material facts set forth in GECC's Local Rule 12(M) statement are deemed admitted. There is, therefore, no genuine issue of material fact. Since Kozil has admitted execution and delivery of the Note to GECC, GECC, as the person entitled to enforce the Note, is entitled to payment, unless Kozil establishes a defense as to why GECC should not be paid. Kozil has offered no such defense. GECC is therefore entitled to recover payment to the Note as a matter of law.

Accordingly, summary judgment will be granted to the plaintiff, General Electric Capital Corporation, against the defendant, Morton Kozil. A judgment will be entered in the amount of $149,488.44, calculated as follows:

| | |
|---|---|
| $135,350.00 | Balance of principal |
| 2,570.00 | Late fees through June, 1993 |
| 28,679.40 | Interest due through June, 1993 |
| + 2,681.30 | Attorney's fees as of March, 1993 |
| 169,280.70 | |
| − 19,792.26 | Amount allocable to Kozil from sum recovered from a third party |
| $149,488.44 | |

Further interest and late fees are to accrue as set forth in Plaintiff's "Supplemental Statement of Uncontested Facts Pursuant to Local Rule 12(M)."

## *ORDER*

1. It is hereby ORDERED that plaintiff General Electric Capital Corporation's MOTION FOR SUMMARY JUDGMENT is GRANTED.

2. It is further ORDERED that judgment be entered in favor of plaintiff General Electric Capital Corporation and against defendant Morton Kozil, individually and d/b/a Koenig Art Emporium for the principal sum, all interest, fees, and charges arising under the subject promissory note in the amount of $149,488.44, together with legal interest from the date of judgment. All costs to be borne by defendant.