2023 IL App (1st) 220488-U

FIFTH DIVISION
October 13, 2023

Nos. 1-22-0488 & 1-22-0932 (cons.)

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| PENSCO TRUST COMPANY, Custodian f/b/o Anna Nowobilska's IRA PENSCO Account Number NO1AR, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant/Cross-Appellee, | ) ) | |
| v. | ) ) | No. 19 L 010904 |
| GRAZYNA URBANCZYK, | ) ) ) | The Honorable James Snyder, |
| Defendant-Appellee/Cross-Appellant. | ) | Judge Presiding. |

JUSTICE MIKVA delivered the judgment of the court.
Presiding Justice Mitchell and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The judgment of the trial court is affirmed in part and vacated in part. We affirm the grant of summary judgment on liability in favor of plaintiff where the release agreed to by plaintiff's husband and defendant did not encompass plaintiff's loan to defendant. We vacate the trial court's damages award where the trial court improperly shifted the burden of proof to plaintiff to show that she was not paid at the trial on damages. We also vacate the trial court's attorney fee and costs award because that was based in significant part on the now-vacated award of damages. We remand the case for a new trial on damages using the proper burden of proof and consideration after the trial of a proper fee award.

¶ 2    In April 2012, Anna Nowobilska and Ms. Nowobilska's husband, Jerry Szymanski, each separately loaned defendant Grazyna Urbanczyk $35,000. Those loans were secured by two

separate notes. In July 2017, Ms. Urbanczyk and Mr. Szymanski signed a release that did not specifically encompass the loan from Ms. Nowobilska. In October 2019, plaintiff PENSCO Trust Company (PENSCO) filed a complaint for breach of promissory note against Ms. Urbanczyk on behalf of their account holder Anna Nowobilska. For the sake of simplicity, we will refer to the plaintiff as Ms. Nowobilska.

¶ 3     The parties filed cross-motions for summary judgment. Ms. Nowobilska argued that she had proved breach of a promissory note, and Ms. Urbanczyk argued that the July 2017 release released her from the loans she had received from both Ms. Nowobilska and Mr. Szymanski. The trial court granted summary judgment in favor of Ms. Nowobilska, and following a trial on damages, awarded her $10,000 in damages and an additional $10,000 in attorney fees, and costs.

¶ 4     On appeal, Ms. Nowobilska argues that the trial court erred by (1) awarding her only $10,000 in damages; (2) denying her motion to reconsider the damages award, and (3) awarding her only $10,000 in attorney fees. Ms. Urbanczyk cross-appeals, arguing that the trial court erred in denying her motion for summary judgment based on the release. For the following reasons, we affirm the grant of summary judgment in favor of Ms. Nowobilska on liability, but vacate the trial court's awards for damages and attorney fees and costs. We remand for a new trial on damages and for consideration after that trial of a proper fee award.

¶ 5                                          I. BACKGROUND

¶ 6                                     A. The Note and the Release

¶ 7     Ms. Urbanczyk borrowed $35,000 from Ms. Nowobilska, which was memorialized in a note (the Nowobilska note) dated April 27, 2012. According to the note, Ms. Urbanczyk promised to pay interest at six percent. In addition, the note provided:

>  "Monthly payments in the amount of $175.00 of interest only shall be due on the first of

each month beginning May 1, 2012 and continuing thereafter for twelve months, or October 15, 2013 ('Maturity Date'). A balloon payment in the amount of principal, unpaid interest and any other charges shall be due on the Maturity Date."

The note also provided that it was "secured by a mortgage on the property commonly known as 544 W. Hwy 20, La Porte, Indiana, 46350" (the LaPorte property). The address for the LaPorte property is sometimes listed as 554 West Highway 20.

¶ 8    Default was defined by the note to include Ms. Urbanczyk's failure to "make any payment when due." The note provided that if Ms. Urbanczyk failed to make any payments, Ms. Nowobilska was then entitled to a late payment charge equal to 5% of the payment then due. Upon default, Ms. Nowobilska was entitled to "declare the entire unpaid principal balance on this Note and all accrued unpaid interest immediately due" and "increase the Interest rate on this Note to 6.00 percent over the current interest rate." The note also provided that Ms. Nowobilska could "hire or pay someone else to help collect this Note if [Ms. Urbanczyk] does not pay," and Ms. Urbanczyk would "also pay [Ms. Nowobilska] that amount," including attorney fees, legal expenses, and court costs.

¶ 9    Ms. Urbanczyk borrowed the same amount, $35,000, from Ms. Nowobilska's husband, Mr. Szymanski, and that loan was memorialized in a separate note that was largely identical in its terms (the Szymanski note).

¶ 10    The release signed by Ms. Urbanczyk and Mr. Szymanski and notarized on July 18, 2017, defined Mr. Szymanski as the "Releaser" and Ms. Urbanczyk as the "Releasee," and listed Ms. Urbanczyk as living at "554 W US H20" in LaPorte, Indiana, 46350. The release provided:

> "The purpose of this document is that it confirms that Mr. Szymanski received full
> payment on the above listed property address by Ms. Grazyna Urbanczyk with the final

and last payment being in the amount of $38,000 (Thirty Eight Thousand and 00/100).

Signature of this document by all parties involved releases Grazyna and Andrzej Urbanczyk from all financial obligation as to the 18th of July 2017 associated with the above listed property otherwise known as 554 W US H20 Laporte IN. Ms. Urbanczyk is the sole property deed owner and no claim may be made with regards to the property or related to the property by the Releaser, his legal representative or family.

Both parties agree that they have amicably resolved any and all issues and acknowledge the extinguishment of any and all debt, obligation and liabilities between the two parties, their families and legal representatives.

Any documents till this date between and/or listing Grazyna Urbanczyk, Andrzej Urbanczyk, Jerry Szymanski, appropriate legal representative(s) and/or family member(s) with any obligation are now void given the financial responsibility has been fulfilled by the Releasee.

\* \* \*

No legal action will be pursued against Grazyna and/or Andrzej Urbanczyk by Mr. Jerry Szymanski, his family or legal representative."

¶ 11                                  B. The Parties' Pleadings

¶ 12    Ms. Nowobilska filed her complaint against Ms. Urbanczyk on October 3, 2019. In the complaint, Ms. Nowobilska alleged that on April 27, 2012, she loaned $35,000 to Ms. Urbanczyk pursuant to the Nowobilska note. Ms. Nowobilska alleged that Ms. Urbanczyk had failed to repay any principal or interest due under the note, and that the failure to pay constituted a default and material breach of the note. Ms. Nowobilska said she had "made repeated demand for repayment" but that Ms. Urbanczyk had refused to pay. Ms. Nowobilska claimed she was owed $65,326.97,

which included the $35,000 in unpaid principal and $3060.82 in unpaid interest that accrued during the term of the note, as well as $27,266.15 in unpaid interest that had accrued from the maturity date of the note through October 4, 2019. She also asked for attorney fees, costs, and expenses, in addition to a late payment charge of $3266.35 per the terms of the note. The promissory note was attached to the complaint.

¶ 13    On February 24, 2020, Ms. Urbanczyk answered and filed two affirmative defenses. Ms. Urbanczyk admitted that Ms. Nowobilska loaned her $35,000 pursuant to a promissory note and had made demands for payment. She denied that she had defaulted or materially breached the note, or that any outstanding amounts were due. The first affirmative defense was a written release and the second affirmative defense was an oral release. Ms. Urbanczyk does not rely on an oral release on appeal but solely on the written release described above.

¶ 14                    C. Cross-Motions for Summary Judgment

¶ 15    On March 12, 2021, the parties filed cross-motions for summary judgment.

¶ 16                    1. Ms. Nowobilska's Motion for Summary Judgment

¶ 17    In her motion, Ms. Nowobilska argued that there was no dispute that she loaned Ms. Urbanczyk $35,000 pursuant to a promissory note or that Ms. Urbanczyk had not paid the amount due under the note, and that therefore "there was no genuine issue of material fact on [her] claim for breach of a promissory note." She argued that she had not released Ms. Urbanczyk from her obligations under the note. Ms. Nowobilska attached several documents, including the promissory note, affidavits from herself and Mr. Szymanski, and the release signed by Ms. Urbanczyk and Mr. Szymanski.

¶ 18    In Ms. Nowobilska's affidavit, she detailed the terms of the note, and stated that Ms. Urbanczyk had paid only $525 in interest, and that Ms. Nowobilska had "not located any

documentary evidence that Defendant paid any principal or interest on the Note." Ms. Nowobilska said that Ms. Urbanczyk then owed her $75,730.80 ($35,000 in unpaid principal, $2535.82 in interest accrued from the date of the note through the maturity date, $36,318.06 in post-maturity interest accrued, and $1876.80 in late fees). Ms. Nowobilska stated that she had not "waived or released any claims or rights to pursue collection of sums due under the [n]ote," had not "authorized anyone to waive or release any claims on [her] behalf related to the [n]ote," and had not "made any written or verbal statements to [Ms. Urbanczyk] or her agents that her obligations under the [n]ote had been or would ever be released."

¶ 19    Mr. Szymanski stated in his affidavit that his loan to Ms. Urbanczyk on April 27, 2012, was "a separate loan from a separate account, memorialized via a separate promissory note." Mr. Szymanski said that Ms. Urbanczyk had defaulted on his note and in February 2017 he made a demand for payment "of all outstanding sums due under the Szymanski Note only." Mr. Szymanski said that, at the time, Ms. Urbanczyk owed him approximately $41,382 and that, "[o]ver the course of the next several months, [Ms. Urbanczyk] and [he] negotiated a resolution that would satisfy her outstanding obligations under the Szymanski Note only." Mr. Szymanski stated that Ms. Nowobilska was not a party to the release, saying, "[t]he Release, by its own terms, was intended to release my own claims with respect to the Szymanski Note."

¶ 20                2. Ms. Urbanczyk's Motion for Summary Judgment

¶ 21    In her own motion for summary judgment, Ms. Urbanczyk argued that Ms. Nowobilska's claim of default was "entirely defeated, as a matter of law, by a written release." Ms. Urbanczyk argued that the release signed by her and Mr. Szymanski released her from both notes because Mr. Szymanski had acted as Ms. Nowobilska's agent through either implied or apparent authority. In support of her motion, Ms. Urbanczyk attached her own affidavit, a letter from attorney Martin

Ptasinski, whom she alleged represented both Ms. Nowobilska and Mr. Szymanski, and the release.

¶ 22    In her affidavit, Ms. Urbanczyk said that she had entered into loan agreements with both Ms. Nowobilska and Mr. Szymanski, "on or around the same date," and that each loan was for $35,000, through a PENSCO IRA account. Ms. Urbanczyk stated that "[a]t all times following the origination of the loans, the loans were treated and referred to by [her]self, [Ms.] Nowobilska (through her agents and representatives), and [Mr.] Szymanski as a single loan, despite the fact that two separate promissory notes for $35,000 were issued" and that each note stated it was "secured by a mortgage over certain real property located at 554 W. Hwy 20, LaPorte, Indiana, 46350." According to Ms. Urbanczyk, she "made the interest-only payments required by the loans, but was unable to pay the balloon payment due upon the maturity date." Ms. Urbanczyk said that in March 2016, an attorney representing both Ms. Nowobilska and Mr. Szymanski "began making attempts to collect the outstanding amounts due under the loans." Ms. Urbanczyk said that the attorney, Martin Ptasinski, "identified himself as representing both [Ms.] Nowobilska and [Mr.] Szymanski with respect to the loans from their [PENSCO] accounts, and directed [Ms.] Urbanczyk to contact [Mr.] Szymanski to discuss the matter of the loans." Ms. Urbanczyk stated that she "contacted [Mr.] Szymanski as directed by the letter," and that based on the letter and her "prior dealings with [Mr.] Szymanski and his representatives with respect to the loan from [Ms.] Nowobilska, [she] understood that [Mr.] Szymanski was authorized to act on [Ms.] Nowobilska's behalf regarding to the loan." Ms. Urbanczyk said that in July 2017, she paid $38,000 as a settlement for both loans and requested that Mr. Szymanski "provide a written release for both loans." Ms. Urbanczyk said that she understood the July 18, 2017, release "covered both the loan from Nowobilska and the loan from Szymanski."

¶ 23    Martin Ptasinski, in a letter to Ms. Urbanczyk dated March 23, 2016, said he was "writing on behalf of Drs. Szymanski and Nowobilska," noted that "[b]oth loans were past their maturity date," and requested that Ms. Urbanczyk "payoff [*sic*] the mortgages immediately." He also said that Ms. Urbanczyk should "contact Dr. Szymanski *** to discuss the matter."

¶ 24                    3. The Circuit Court's Summary Judgment Ruling

¶ 25    On May 20, 2021, the circuit court, in a one page written order, granted Ms. Nowobilska's motion for summary judgment on her claim of breach of the promissory note but reserved the issue of damages "including but not limited to the applicability of [Ms. Urbanczyk]'s Affirmative Defense" for trial. The court denied Ms. Urbanczyk's cross-motion for summary judgment.

¶ 26                              C. Damages

¶ 27    On December 14, 2021, after a bench trial, the trial court entered another short written order. In that order the court entered judgment in favor of Ms. Nowobilska for $10,000 "as well as attorneys' fees and court costs." In that order, the court also entered judgment against Ms. Urbanczyk on her two affirmative defenses: the claimed written and oral releases. The court stated that the rulings were "[f]or the reasons stated in open court." However, no transcript has been provided to this court.

¶ 28    On January 13, 2022, Ms. Nowobilska moved to reconsider, asking the court to "modify its judgment to reflect an accurate calculation of the amounts due under the Note" and give Ms. Urbanczyk credit for only what she proved she paid at trial. Ms. Nowobilska asked the court to award "an amount of no less than $64,778.83."

¶ 29    On March 8, 2022, the circuit court denied the motion to reconsider, finding:

"Ad [*sic*] defendant in a civil lawsuit does not b[e]ar a burden of proof. [Ms. Urbanczyk] need not prove that she paid, [Ms. Nowobilska] must prove that she did not. The court

- 8 -

found, and only by sifting through the evidence produced at trial that [Ms. Nowobilska] had met its burden of proof for the amount found."

The court stated that Ms. Nowobilska had failed to demonstrate error "and still does not make argument based in the evidence presented of the amounts [she] believes were unpaid."

¶ 30                                    D. Attorney Fees and Costs

¶ 31    Ms. Nowobilska petitioned the court on December 23, 2021, for an award of $26,300 in attorney fees and $1524.06 in court costs. She attached an affidavit and exhibits detailing the 93.9 hours her counsel had spent on the case, at hourly rates ranging from $175 to $325.

¶ 32    In its written order, entered on May 23, 2022, the circuit court found that Ms. Nowobilska was the prevailing party and was entitled to reasonable attorney fees. The court stated:

"The Court finds and has considered that (1) the skill and standing of the attorney employed is commensurate and reasonable for the rates claimed, (2) the nature of the cause is simple, (3) the novelty and difficulty of the issues is not great, but the Court has considered [Ms. Urbanczyk]'s Affirmative Defenses and [Ms. Nowobilska]'s work to contest those defenses, (4) the amount and importance of the subject matter of the suit, (5) the degree of responsibility of the management of the case, (6) the time and labor required, including [Ms. Urbanczyk]'s Affirmative Defenses and [Ms. Nowobilska]'s work to contest those defenses and [Ms. Nowobilska]'s prosecution of mandatory arbitration, (7) that these fees and expenses are consistent with the usual and customary charges for similar work in the community, and (8) the benefits resulting to the client."

The court said that there was "a reasonable connection between the fees sought and the amount recovered for [Ms. Nowobilska], however the Court also considered the comparatively low recovery by [Ms. Nowobilska]." In light of its findings, considerations, and the "uncontested

evidence of billings submitted by [Ms. Nowobilska]," the court found "fair and reasonable attorneys' fees for this matter [we]re $10,000" and also awarded $1524.06 in court costs.

¶ 33    This appeal followed.

¶ 34                                    II. JURISDICTION

¶ 35    The circuit court denied Ms. Nowobilska's motion to reconsider the damages judgment on March 8, 2022. Ms. Nowobilska filed her notice of appeal from that order on April 6, 2022, and Ms. Urbanczyk filed her notice of cross-appeal on April 15, 2022 (appeal No. 1-22-0488). The circuit court entered its attorney fee award order on May 23, 2022, and Ms. Nowobilska filed her notice of appeal from that order on June 21, 2022 (appeal No. 1-22-0932). On August 19, 2022, we allowed Ms. Nowobilska's unopposed motion to consolidate the appeals. We have jurisdiction over both appeals pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered by the circuit court in civil cases.

¶ 36                                    III. ANALYSIS

¶ 37    Ms. Nowobilska argues in her appeal that (1) the trial court's award of $10,000 in damages was too low, (2) the trial court misapplied the law when it shifted the burden of proving Ms. Urbanczyk's defense of payment to Ms. Nowobilska in its denial of the motion to reconsider, and (3) the trial court abused its discretion by basing its attorney fee award on the relatively "low recovery" by Ms. Nowobilska. In her cross-appeal, Ms. Urbanczyk argues only that the trial court erred in denying her motion for summary judgment because the release by its terms clearly released her from her obligations under both notes, and because Ms. Nowobilska was bound to the release because Mr. Szymanski signed as her agent. We will first address the cross-appeal because if we agree that summary judgment should have been granted in favor of Ms. Urbanczyk, the remaining

issues will be moot.

¶ 38                                    A. Summary Judgment

¶ 39    "Summary judgment is proper when 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Bremer v. City of Rockford*, 2016 IL 119889, ¶ 20 (quoting 735 ILCS 5/2-1005(c) (West 2008)). Where, as here, the parties filed cross-motions for summary judgment, "they agree that only questions of law are involved and invite the court to decide the issues based on the record." *Id.* Our review of a ruling on a motion for summary judgment is *de novo*. *Id.*

¶ 40    Ms. Urbanczyk contends that the trial court erred in granting summary judgment in favor of Ms. Nowobilska because the release "makes clear that the debt from both [Ms. Nowobilska], and her husband and agent [Mr.] Szymanski, [we]re included in the release." Ms. Nowobilska maintains that the release only applied to the loan between Ms. Urbanczyk and Mr. Szymanski.

¶ 41    "A release is the abandonment of a claim to the person against whom the claim exists." (Internal quotation marks omitted.) *C.O.A.L., Inc. v. Dana Hotel, LLC*, 2017 IL App (1st) 161048, ¶ 67. Because a release is a contract, "its interpretation is governed by the principles that govern contract law cases." *Aqua-Aerobic Systems, Inc. v. Ravitts*, 166 Ill. App. 3d 168, 171 (1988). "The rights of the parties are limited to the terms expressed in the agreement." (Internal quotation marks omitted.) *C.O.A.L., Inc.*, 2017 IL App (1st) 161048, ¶ 67. " '[W]here a written agreement is clear and explicit, a court must enforce the agreement as written. Both the meaning of the instrument and the intention of the parties must be gathered from the face of the document without the assistance of parol evidence or any other extrinsic aids.' " *Thornwood, Inc. v. Jenner & Block*, 344 Ill. App. 3d 15, 21 (2003) (quoting *Rakowski v. Lucente*, 104 Ill. 2d 317, 323 (1984)).

- 11 -

Whether an agreement is clear and explicit or ambiguous is a question of law. *Ravitts*, 166 Ill. App. 3d at 171. "A contract is ambiguous if, and only if, it is reasonably or fairly susceptible of different constructions." *Id.* "Releases are strictly construed against the benefitting party and must spell out the intention of the parties with great particularity." *Fuller Family Holdings, LLC v. Northern Trust Co.*, 371 Ill. App. 3d 605, 614 (2007).

¶ 42    In this case, we find the release did not encompass the Nowobilska note. Ms. Urbanczyk is correct that there is language in the document that releases her "from all financial obligation *** associated with the [LaPorte property]." But we must read the document as a whole. *Farmers Auto Insurance Ass'n v. Wroblewski*, 382 Ill. App. 3d 688, 696 (2008). Here, the release specifically names Mr. Szymanski and no one else. The release never names Ms. Nowobilska or refers to the Nowobilska note. In addition, the release provides that "[t]he purpose of this document is that it confirms that *Mr. Syzmanski* received full payment on the [LaPorte property]" (emphasis added). The release then states that "[s]ignature of this document by all parties involved" releases Ms. Urbanczyk from her financial obligation. The only parties involved, and the only two parties who signed, were Mr. Szymanski and Ms. Urbanczyk. Construed as a whole, the plain language of the document only released Ms. Urbanczyk from her financial obligations *to Mr. Szymanski* associated with the LaPorte property.

¶ 43    Ms. Urbanczyk relies on the language that "any and all debt, obligation and liabilities between the two parties, their families and legal representatives" would be extinguished and that "[n]o legal action will be pursued against [Ms. Urbanczyk] by Mr. Jerzy Szymanski, his family or legal representatives." According to Ms. Urbanczyk, this language encompasses the Nowobilska note as it is a debt she owes to Mr. Szymanski's family member because Ms. Nowobilska is his wife. However, "[g]eneral words of release are restrained in effect by the specific recitals contained

- 12 -

in the document." *Janowiak v. Tiesi*, 402 Ill. App. 3d 997, 1014 (2010). These references to Mr. Szymanski's family are restrained by the more specific prior references to only Mr. Szymanski and the debt owed to him. This is a boilerplate reference to the possibility that a relative or legal representative could pursue a claim on Mr. Szymanski's behalf for the debt that was owed to him. This sort of language is standard in releases. See, *e.g.*, 7A Ill. Forms Legal & Bus. § 26:4 (providing that, in drafting a release, "[t]he description of the releasor should indicate that other persons, as the releasor's spouse, heirs, legal representatives, assigns and insurer are bound by the release"); *id.* § 26:51 (a release form with the following language: "The undersigned, with the intention of binding *[himself/herself/themself]*, *[his/her/their]* heirs, executors, administrators, and assigns, releases *[name of releasee]*, *[his/her/their]* heirs, executors, administrators, and assigns, from all claims, *** against *[name of releasee]*, *[his/her/their]* heirs, executors, administrators, or assigns created by, arising out of, that certain contracted entered into between *[name of releasee]* and the undersigned on *[date of agreement]*."

¶ 44    The release in this case is clearly intended to reference claims by others on behalf of Mr. Szymanski. This does not mean that another claim for a separate debt that might be owed to someone who happens to be a relative or legal representative of Mr. Szymanski is also released. In sum, the reference to Mr. Szymanski's "family or legal representatives" refers only to efforts by such individuals to enforce the debt owed to *him* and does not expand the release to encompass the debt owed to his wife.

¶ 45    Finally, even if we were to find some ambiguity, and we do not, releases are to be construed against the benefiting party. *Fuller Family Holdings*, 371 Ill. App. 3d at 614. Here, that is Ms. Urbanczyk.

¶ 46    In short, the language of the release does not encompass the Nowobilska note. In light of

that, we have no need to consider whether Mr. Szymanski acted as an agent or apparent agent for Ms. Nowobilska and could bind her to the terms of this release by his signature. The trial court properly granted summary judgment in favor of Ms. Nowobilska.

¶ 47                                    B. Damages

¶ 48    We turn now to Ms. Nowobilska's appeal. She argues that the trial court's damages award of $10,000 in her favor was far too low. Ms. Nowobilska also argues that the trial court improperly denied her motion to reconsider because, in that order, it made clear that it had incorrectly shifted the burden—requiring Ms. Nowobilska to show that Ms. Urbanczyk did not pay rather than requiring Ms. Urbanczyk to prove the defense of payment.

¶ 49    We first consider whether the trial court applied the proper burden of proof. "Whether the [trial] court applied the correct burden of proof is a question of law we review *de novo*." *Gataric v. Colak*, 2016 IL App (1st) 151281, ¶ 14 (citing *1350 Lake Shore Associates v. Healey*, 223 Ill. 2d 607, 627 (2006)).

¶ 50    Ms. Nowobilska brought an action for breach of a promissory note against Ms. Urbanczyk. The promissory note in this case is a negotiable instrument. See 810 ILCS 5/3-104(a) (West 2012) (defining "negotiable instrument"). As such, it is governed by article 3 of the Uniform Commercial Code (UCC) (810 ILCS 5/3-101 *et seq.* (West 2012)). *Id.* § 3-102. And section 3-308 of the UCC provides that if the signatures on a negotiable instrument are established, the holder of the instrument is entitled to payment "unless the defendant proves a defense." *Id.* § 3-308(b). As we have made clear, it is the defendant who "has the burden of establishing any defense, including payment, by a preponderance of the evidence." *Tuttle v. Rose*, 102 Ill. App. 3d 865, 867 (1981); see also *Vician v. Vician*, 2016 IL App (2d) 160022, ¶ 28 ("Payment on a promissory note is a defense that a defendant must prove by a preponderance of the evidence."); 14 Hawkland UCC

- 14 -

Series § 3-307:3 [Prior] ("once the plaintiff establishes the effectiveness of the obligor's signature, produces the instrument, and proves that he is the holder or has the rights of a holder, he has established a prima facie case for recovery. The defendant must then establish a defense to defeat the holder's action."); R. Hunter, Trial Handbook for Illinois Lawyers (Civil) § 21:6 (8th ed. 2013) ("Once the holder proves the instrument, he is entitled to recover in the absence of any further evidence. [Citation.] The defendant has the burden of establishing any defense, including payment, by a preponderance of the evidence. [Citation.]").

¶ 51    Here, the circuit court granted summary judgment in favor of Ms. Nowobilska, finding that there had been a breach of a $35,000 promissory note. This necessarily encompassed a finding that the note was valid and that Ms. Nowobilska was entitled to payment. At the damages trial, the only question was how much was paid and how much was still owed. The burden was on Ms. Urbanczyk at that trial to show how much she had paid of the amount owed on the note. *Tuttle*, 102 Ill. App. 3d at 867; *Vician*, 2016 IL App (2d) 160022, ¶ 28.

¶ 52    Ms. Urbanczyk argues that this shift in burden does not require reversal because we cannot determine without a transcript how or whether this misplaced burden impacted the damages awarded. As Ms. Urbanczyk correctly points out, the burden on appeal was on Ms. Nowobilska, as the appellant, to present "a record to support [her] claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 53    However, although we do not have a transcript of the damages trial in this case, and the trial court's order says it entered the damages award "for the reasons stated in open court," we can, in fact, tell from the record that the court in this case improperly shifted the burden at trial. In its order denying Ms. Nowobilska's motion to reconsider, the trial court made clear that it had done

so, saying, "[Ms. Urbanczyk] need not prove she paid, [Ms. Nowobilska] must prove she did not." This is simply not the law. 810 ILCS 5/3-308(b); *Tuttle*, 102 Ill. App. 3d at 866-67. The trial court erred by improperly shifting the burden of proof to Ms. Nowobilska at trial.

¶ 54    We have repeatedly recognized that errors of law generally require a new trial. See, *e.g.*, *Reliable Fire Equipment Co. v. Arredondo*, 2011 IL 111871, ¶¶ 43-46 (reversed and remanded for a new trial where the supreme court found the way the "rigid and preclusive legitimate business interest test" had been used in analyzing restrictive covenants was "no longer valid"); *Tankersley v. Peabody Coal Co.*, 31 Ill. 2d 496, 498-99, 504-05 (1964) (reversed and remanded for a new trial where the trial court's pretrial ruling on the extent of possible liability for the defendant was found to be erroneous); *King v. Casad*, 122 Ill. App. 3d 566, 570-72 (1984) (reversed and remanded for a new trial where the trial court improperly instructed the jury on the standard of care applicable to a 15-year-old bicyclist because the incorrect instruction "clearly misled the jury in evaluating [the] plaintiff's duty" in the case). Here, the trial court said that it had placed the burden on Ms. Nowobilska to show what Ms. Urbanczyk had paid, and this was not correct. Because there was clearly a dispute between the parties as to how much was owed and how much was paid, this improper burden shifting cannot help but to have impacted the outcome.

¶ 55    Ms. Urbanczyk also argues that the trial court was right because "a promissory note is a contract and is analyzed as such by Illinois courts." Therefore, she argues, Ms. Nowobilska had the burden of showing breach and damages for that breach. However, the cases cited above make clear that, while a promissory note is a contract, once the validity of the note is established, as it was in this case, the burden shifts to the debtor to show payment.

¶ 56    In addition, Ms. Urbanczyk argues that the promissory note itself provides what items may be used to show the unpaid balance and that it was thus Ms. Nowobilska's burden to prove the

unpaid balance. It is true that the promissory note provides that "[t]he unpaid principle balance owing on this Note at any time may be evidenced by endorsements on this Note or by Lender's internal records, including daily computer print-outs." However, although the note itself provides how the unpaid balance may be proven, it says nothing of who has the burden of proving that balance at a trial for breach of the note. And Illinois law is clear: once the holder of a promissory note proves the note's validity, they are entitled to recovery, and the burden shifts to the debtor to prove payment. 810 ILCS 5/3-308(b); *Tuttle*, 102 Ill. App. 3d at 866-67.

¶ 57    We decline Ms. Nowobilska's invitation to decide the damages ourselves based on the scant record before us. Ms. Nowobilska insists that "the record is replete with sufficient evidence," but that is not the case. Ms. Nowobilska points to Ms. Urbanczyk's affidavit attached to her motion for summary judgment. However, the trial court specifically chose not to make its damages ruling based on the summary judgment motions, instead holding a trial on the issue. Ms. Nowobilska also points to checks written by Ms. Urbanczyk that the parties agree were introduced at trial. She insists that this is all Ms. Urbanczyk paid and there has never been any dispute that Ms. Urbanczyk only paid interest. But Ms. Urbanczyk argued in her response to Ms. Nowobilska's motion to reconsider that she had "testified [at trial] that many additional payments on the promissory note were made, including a large payment of $10,000." Thus, the amount paid appears to have been very much disputed. The proper place to resolve this dispute is in the trial court.

¶ 58                            C. Attorney Fees

¶ 59    Ms. Nowobilska argues that the trial court erred in awarding $10,000 in attorney fees based on her "low recovery" in damages. The attorney fee award rested in significant part on the damages award, which we are reversing and remanding for a new trial. Also, additional fees will obviously be expended on a new damages trial. The trial court should consider the proper award of fees once

that is concluded.

¶ 60                                    IV. CONCLUSION

¶ 61     For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor

of Ms. Nowobilska. We vacate the trial court's orders for damages and attorney fees and costs,

and remand for a new trial on damages and new consideration of the proper fee award.

¶ 62     Affirmed in part, vacated in part, and remanded, with directions.